M. Gifford *et al.* v. The Griffin Ice Company *et al.*

No. 12,099. (66 Pac. 998.)

SYLLABUS BY THE COURT.

Evidence—*Demurrer.* Where the plaintiff introduces evidence fairly tending to establish every essential fact necessary to a recovery, it is error for the court to sustain a demurrer thereto.

Error from Douglas district court; Samuel A. Riggs, judge. Opinion filed December 7, 1901. Division two. Reversed.

*Bishop & Mitchell,* for plaintiffs in error.

*Geo. J. Barker,* and *Justin D. Bowersock, jr.,* for defendants in error.

Gifford v. Griffin.

The opinion of the court was delivered by

GREENE, J.: In December, 1895, the plaintiffs in this action sold to J. L. Bolles a certain ice-hoisting machine, for the recovery of which this action was brought. At the time of the purchase of the machinery, Bolles executed his note for the payment of the purchase-price, and by a letter agreed that the title should remain in plaintiffs until the money was paid in full. In January, 1897, to secure this debt, Bolles and wife executed to plaintiffs their chattel mortgage on the machinery. This mortgage was filed for record January 6, 1897. Afterward Bolles, in consideration of the delivery to him of his note, and in satisfaction of the indebtedness, delivered the property in controversy to plaintiffs in error, and in a few days thereafter one Bruno Hobbs, the agent of the plaintiffs, undertook to take possession thereof, but was informed that one of the defendants, Bowersock, claimed possession of said property. Afterward a written demand was made of the defendant by plaintiffs in error for the possession of the property in question, which was refused, and this action was then brought. This case was tried by a jury. After the plaintiffs below had introduced their evidence, the defendants demurred thereto, which demurrer was sustained and judgment rendered in favor of defendants below for the possession of the property and costs.

The only question brought to this court for review is whether the court erred in sustaining this demurrer. The rule is well established in this state that where a plaintiff introduces evidence fairly tending to establish every essential fact necessary to a recovery it is error for the court to sustain a demurrer

thereto.   In this, as in every other case, "a demurrer to evidence admits every fact and conclusion which the evidence most favorable to the other party tends to prove."   (*Christie v. Barnes*, 33 Kan. 317, 6 Pac. 599.)

The evidence offered by plaintiffs tended to prove, and, in considering the demurrer, did prove that plaintiffs in error manufactured the machinery in question, sold it to Bolles, the latter executing his note therefor, and by way of a letter agreed that the title should remain in plaintiffs in error until it was fully paid for.   It proved that Bolles afterward executed a mortgage on the property to plaintiffs in error, and after that, and in consideration of surrendering to him his note and canceling his indebtedness to them, he agreed to surrender and deliver this property to plaintiffs in error; that with his consent plaintiffs in error undertook to take possession, and were resisted by defendants in error; that demand was made for possession and refused.   There is nothing in the evidence to show that any other person is, or claimed to be, the owner of this property.   It appears that the defendants are in possession, but the evidence does not tend to show any ownership, or by what right, if any, they claim possession.

Counsel for defendants in error also argue the question of fixtures to real estate in many of its phases, but we have been unable to apply these principles to the case before us, for the reason that there is no evidence in the record showing that defendants in error are the owners of the real estate upon which the machinery is located.

It is contended by counsel for defendants in error that mere possession of personal property is some evi-

Railway Co. v. Ludlum.

dence of title.   While this is true, it is so slight that it takes very little testimony to disprove it.

The judgment is therefore reversed and the cause remanded.

CUNNINGHAM, POLLOCK, JJ., concurring.