Wilkinson v. Mears.

77   273
f77   853

SARAH A. WILKINSON v. E. T. MEARS.

No. 15,372.   (94 Pac. 136.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Dismissal of Actions.* Where both parties claim to own and to be in possession of real estate, the subject of the action, and each prays for judgment quieting title and produces evidence tending to support such claim, presenting substantial questions of law and fact under the issues duly submitted for decision and judgment, it is error for the court to render a general judgment of dismissal over the objection of a party to the action.

18—77 KAN.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.    Opinion filed February 8, 1908. Reversed.

*Archie D. Neale,* for plaintiff in error.

*J. B. Ziegler,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The plaintiff, E. T. Mears, alleged that he was the owner and in possession of certain real estate described in his petition, and prayed for judgment quieting his title.    The defendant, Sarah A. Wilkinson, in her answer alleged that she was the owner and in possession of the property, and prayed for judgment quieting her title.,  The evidence tended to prove that the plaintiff was in possession claiming under a tax deed and that he had made improvements on the property.    The evidence also tended to prove that the plaintiff held such possession as the agent of the Neosho Investment Company, which company had attended to the taxes and cared for the property for the defendant, who, at an earlier date, held a mortgage thereon, which mortgage was afterward foreclosed; that the defendant was the purchaser at the foreclosure sale, and held the title to the property in fee, unless devested by the tax deed; and that there was an excess levy of one mill on the dollar levied for state purposes on property in Montgomery county included in the amount for which the property was sold for taxes.    Evidence was also given of the amount of taxes paid by the plaintiff, and interest thereon.    Other evidence tended to show that just previous to the tax sale in question the investment company had notified the plaintiff to pay no more taxes on property in their charge, but that no notice of this fact had been given to the defendant.

Upon all the evidence, of which the foregoing is an outline, substantial questions of law and fact were presented for adjudication upon the issues made by the

pleadings. Both of the parties produced evidence tend-
ing to support their respective claims, which were duly
submitted to the court for decision and judgment.

At the conclusion of the evidence the court took the
case under advisement until a later day, and then an-
nounced the decision that neither party was entitled to
recover, and therefore dismissed the suit at the cost of
the plaintiff. Thereupon each party in turn moved for
judgment, which motions were denied. The defendant
further moved for judgment on the pleadings and evi-
dence, which was also denied. She excepted to these
rulings. Judgment was entered by the court dismissing
the action at the cost of the plaintiff.

The statute provides that actions may be dismissed:

"First, by the plaintiff before the final submission of
the case to the jury, or to the court where the trial is by
the court.

"Second, by the court, where the plaintiff fails to ap-
pear on the trial.

"Third, by the court, for the want of necessary par-
ties.

"Fourth, by the court, on the application of some of
the defendants, where there are others whom the plain-
tiff fails to prosecute with diligence.

"Fifth, by the court, for disobedience by the plain-
tiff of an order concerning the proceedings in the ac-
tion.

"Sixth, in all other cases, upon the trial of the action
the decision must be upon the merits." (Civ. Code,
§ 397; Gen. Stat. 1901, § 4846.)

This case was not within any of the foregoing pro-
visions for dismissal, and the decision should have been
upon the merits. It is argued by plaintiff that the de-
fendant lost nothing, because she had no right to re-
cover; but that was the very matter she had the right
to have decided. (*Moore v. Toennisson*, 28 Kan. 608;
*Hargis v. Robinson*, 70 Kan. 589, 79 Pac. 119; *Amos v.
Loan Association*, 21 Kan. 474; *Venable v. Dutch*, 37
Kan. 515, 15 Pac. 520, 1 Am. St. Rep. 260.)

We express no opinion upon the merits of the suit.

It was the province of the trial court to determine the facts and pronounce judgment thereon. Having failed to do so, the judgment of dismissal is reversed and the cause remanded for a new trial.