No. 33,154

George F. Lins, *Appellee*, v. J. W. Eads, *Appellant*.

(66 P. 2d 390)

Opinion filed April 10, 1937.

*R. L. Hamilton,* of Beloit, for the appellant.

*Ralph H. Noah,* of Beloit, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action against a limited endorser of a note to recover $1,000. Judgment was for plaintiff. Defendant appeals.

Since the decision in this case turns largely upon what was done in another case, the facts in that action will be set out here. For the sake of clarity the parties will be referred to by name. Plaintiff Lins in this case sold a farm located in Mitchell county to defendant Eads. Part of the consideration given by Eads for the sale was a note secured by a mortgage which Eads owned on a farm in Ness county in the amount of $7,000. When the deal was made Eads endorsed the $7,000 note on the back as follows:

> "J. W. Eads
> Without recourse
> Except $1,000 and when $1,000 is paid on said note then
> J. W. Eads is released from any further liability."

The contract by which the sale was made contained, among other provisions, the following:

> "Be it further agreed that when the above-described $7,000 mortgage is reduced to $6,000 the said John W. Eads is released from any further liability on the above-described mortgage."

After about a year the mortgage on the Ness county land became in default. Accordingly Lins, who was the assignee of that mort-

gage, brought suit to foreclose. He made the original mortgagor, who was living on the farm, a party to the foreclosure action; also Eads, the original mortgagee, who is the defendant in this case. As to the mortgagor, the petition contained the usual allegations necessary and prayed for judgment on the note in the full amount in his first cause of action. The petition then alleged the facts as to the assignment of the mortgage and the endorsement of the note about as they have been given; that according to the contract and the endorsements on the note Eads agreed to hold the plaintiff harmless from loss up to $1,000 on the principal, or that if the mortgagor paid the sum of $1,000 prior to foreclosure then Eads was to be released from any obligation on the transaction. The petition then alleged that the mortgagor had not paid $1,000 nor any other amount on the note. As to Eads, the petition prayed for a judgment against him in the amount of $1,000, with interest. In his second cause of action Lins made the usual allegations necessary for a foreclosure, made the allegations of his first cause of action a part, prayed for judgment against the mortgagor for the full amount of the note and for foreclosure, and for a deficiency judgment against the mortgagor, and for a deficiency judgment against Eads up to $1,000 if that much remained unpaid after the application of the security. The praecipe for a summons asked that the summons to be issued to Eads be endorsed, "Suit brought for the recovery of money; amount claimed, $1,000, together with interest at the rate of six percent per annum from this date until paid."

Eads answered by way of a general denial, admitted the sale of the land to the mortgagor, the taking of a mortgage in the amount of $9,000 and the payment on the note until it amounted to $7,000; that he did endorse the note, as has already been set out in this opinion. The answer specifically denied that by the contract and endorsements Eads agreed to hold Lins harmless from loss up to $1,000 on the principal, and denied there was anything due Lins from Eads whatsoever. As answer to the second cause of action Eads alleged that the claim of Lins for a deficiency judgment was premature, and could not be determined until after the sale, since the note and mortgage sued on were a part of the same transaction. Further, the answer alleged that the lands on which the mortgage was being foreclosed were worth more than the amount of the mortgage. Subsequently Eads filed a supplemental answer, in which he alleged that since the filing of his answer judgment for the full

amount of the mortgage had been taken and the land in question sold, and that he had bid $1,000 on it and Lins had bid $7,097.84.

Before the filing of the above-mentioned supplemental answer a judgment for the full amount claimed was entered in favor of Lins against the mortgagor, and the judgment against Eads as prayed for was passed. Subsequently the land was sold. Eads bid $1,000 on it and Lins bid $7,097.84, which was about $1,000 less than the judgment. Subsequent to the sale Eads filed his motion for judgment on the pleadings on the ground that the pleadings in that case showed that Lins had no cause of action against him. At about the same time Lins filed his motion to confirm the sale. Both these motions came on to be heard at the same time. At that time counsel for Lins stated it was pleaded that if the mortgagor paid $1,000, reducing the mortgage by $1,000, Eads would be released from his endorsement on the note. He further stated the position of counsel for Eads that what the endorsement meant was that Eads would see that the mortgage would bring at least $1,000, and on that theory bid $1,000 for the land. He stated that Lins bid the full amount of the mortgage less $1,000, and that it was the contention of Lins that this bid was more than the land was worth. He then stated that he would like to reserve the right, if the court deemed it necessary, to show by evidence that the amount of the bid by Lins was the full value of the land. In answer to this, counsel for Eads stated that he desired to press his motion for judgment on the pleadings, and was not prepared at that time to offer any evidence on the issue tendered by the statement of counsel for Lins. After some further colloquy along this line counsel for Lins filed his motion to dismiss the action without prejudice to further action as to a personal judgment against Eads as surety or guarantor on the note and all other matters affecting the defendant Eads not theretofore determined. Eads objected to this motion, but it was allowed by the court, and the action as to Eads was dismissed without prejudice, and the sale confirmed.

Subsequent to the proceedings set out above this action was begun in the district court of Mitchell county. The plaintiff in this action was Lins, and the defendant, Eads. The petition alleged the execution of the contract for sale of the farm as was set out in the other case; that it was agreed between the parties that the true value of the mortgage was $6,000, and that Eads agreed to pay any loss up to $1,000, or if the maker of the note would pay $1,000 on the principal of the note and mortgage then Eads would be released

from liability; that the contract was intended to state that Eads would pay the sum of $1,000 on all amounts lost on the note by Lins; and that if there was any ambiguity or mistake that the contract should be reformed; that Lins conveyed to Eads a quarter section of land in Mitchell county, subject to a $4,000 mortgage, and Eads assigned this $7,000 mortgage to the plaintiff and asked that the contract be reformed to read:

"The party of the second part agrees to pay any loss to the party of the first part upon said Bowie note and mortgage up to the sum of $1,000, or if the said Thomas C. Bowie should pay upon the principal of said note and mortgage the sum of $1,000 then the said J. W. Eads would be released from any liability thereof."

The second cause of action made the allegations of the first cause a part, and stated that on August 14, 1933, the mortgagor being in default, Lins sued the mortgagor to foreclose the mortgage; that judgment was taken in favor of Lins for the full amount of the mortgage and the land was ordered sold; that Eads made a bid of $1,000 plus costs and taxes and Lins bid $7,097.84; that the amount of the judgment was $8,097.84; that this sale was confirmed and the action as to Eads was dismissed; that by reason of the lack of value of the premises Lins lost $1,000 upon the note and mortgage. Judgment was asked for $1,000 with interest.

To this petition Eads filed a motion to make definite and certain by first requiring the plaintiff to include in the endorsements on the note "exhibit B" the endorsement of the clerk of the district court of Ness county, Kansas, showing the cancellation of the note; also, second, by requiring the plaintiff to show among the endorsements on the mortgage "exhibit C" the endorsement of the clerk of the court canceling the mortgage following the foreclosure proceedings mentioned in the petition; and third, by requiring the plaintiff to attach to his petition a copy of the journal entry of judgment in the case of *Geo. F. Lins, Plaintiff, v. Thomas C. Bowie and J. W. Eads, Defendants,* in the district court of Ness county, Kansas; also, fourth, by requiring the plaintiff to attach to his petition a copy of the journal entry of confirmation and dismissal of the action without prejudice on June 8, 1934, in the district court of Ness county, Kansas.

This motion was sustained as to the first, third and fourth grounds and overruled as to the second ground on the statement of Lins that he was not seeking to recover on the mortgage. Subsequently Lins filed the original note and mortgage and requested that they

be made a part of the petition by reference. On the note and mortgage the cancellation of the clerk of the district court appears.

To this petition Eads demurred, on the ground that the petition, together with the exhibits, show on their face that the court has no jurisdiction of the person of the defendant or the subject matter of the action; second, that the plaintiff has no legal capacity to sue; and third, that the petition does not state facts sufficient to constitute a cause of action. This demurrer was overruled.

Subsequently Eads filed his answer in which he alleged that the petition did not state a cause of action against him; that the court had no jurisdiction over the defendant or the subject matter of the action. The answer further denied every allegation of the petition except that Eads had received the mortgage and note in question, and had endorsed it as pleaded. The answer denied that there was any ambiguity to the endorsement or any mutual mistake in the transaction.

The answer further pleaded that the claim for reformation was barred by the statute of limitations. The answer then set out in detail the filing of the action in Ness county to which reference has been made, and that by reason of the premises the matter had been fully decided and determined and was *res judicata* as to this defendant, and a moot question, and the plaintiff was attempting to split his causes of action after the note upon which he sued in Ness county had been fully paid, and plaintiff was estopped from attempting to maintain another cause of action on that same note or alleged indebtedness.

The answer further alleged that at the hearing on the motion to confirm Lins announced that he would not attempt to enforce any deficiency judgment against the mortgagor, and that by reason of the discharge of the maker of the note and its payment and cancellation Eads was fully discharged. The answer further alleged that by reason of having reduced his note to judgment against the mortgagor without setting up the alleged contract (exhibit A), and having sued Eads as endorser, and since the execution of the note and mortgage and the endorsement of the same by the defendant herein, Lins was guilty of laches, had ratified the transaction and was estopped from asserting his claims therein, and that the same was barred by the statute of limitations and his election by the suit in Ness county and the acceptance of the benefits thereof. The

answer denied that there was any ambiguity in the endorsement of the note or in the alleged contract (exhibit A).

With the issues thus framed Eads filed his motion for judgment on the pleadings on the same ground urged for sustaining his demurrer to the petition. This motion was overruled. After a statement of the case by counsel for Lins, counsel for Eads again moved for judgment on the pleadings and opening statement on the same general grounds previously urged. This motion was denied. The evidence was then submitted to the court without a jury. At the conclusion of the evidence of Lins, Eads demurred to it. This demurrer was overruled. At the conclusion of the evidence of Eads the trial court found in effect that no reformation was necessary and that Lins was entitled to recover $1,000 from Eads. Judgment was entered accordingly. After motion for a new trial was heard and denied, Eads appealed.

Eads raised the question of the effect of the proceedings in Ness county at every stage of this case. When the case was finally tried, evidence was submitted and heard by the trial court on the question of the intent of the parties when the original real-estate sale contract was made and the endorsement was put on the note. In the view we have taken of this case, however, the outcome turns upon the effect of the proceedings in Ness county. These proceedings all appear in the pleadings in the case and the evidence of Lins. Accordingly we shall deal with the case by way of a consideration of the demurrer of Eads to the evidence of Lins.

Shorn of the somewhat tedious detail necessary in stating the facts as they were stated in the pleadings, the facts may be summarized about as follows:

Eads owned a note, secured by a mortgage on real property. Eads assigned this note and mortgage to Lins and endorsed the note (what the effect of that endorsement was we need not concern ourselves with here), the note became in default, Lins sued the mortgagor to foreclose the mortgage and made Eads a party on account of his endorsement. Eads appeared and defended. Judgment was taken against the mortgagor for the full amount of the note, the land was sold, bid in by Lins, and the note canceled, no judgment was taken against Eads and the action against him was dismissed without prejudice over his objection. The question is, Did this constitute *res judicata* of the claimed liability of Eads to Lins on the endorsement?

We may start the discussion by stating that the liability of Eads to Lins could have been adjudicated upon the pleadings filed in the Ness county case. Indeed, counsel in the colloquy with the trial court in the argument in this case stated that the only reason it was not adjudicated there was that he and Lins were without some witnesses whose evidence would have been necessary on the question of fact involved.

It will be seen that every question of fact necessary to be decided in order that the liability of Eads might be determined was put in issue by the pleadings in the case in Ness county. No fair adjudication of the rights of all parties could have been had otherwise. It was a case where the rule against splitting a cause of action applies. In the first place, the judgment upon which the foreclosure was based was taken in the absence of Eads. It is true the judgment against Eads was passed at that time probably because it could not be said that the real estate would not sell for enough to pay the full amount of the debt. There was no reason, however, why the legal questions of what liability Eads had undertaken by the endorsement and the contract could not have been settled at that time. Had that been done, and had the trial court held as argued by Lins, then Eads would have had an opportunity to ask, in that action, for a judgment over against the mortgagor. This record does not show whether a judgment against him would have been of much value, but he certainly had a right to the judgment. Had the trial court held that Eads was liable, as claimed by Lins, then he could have had the matter adjudicated at the first opportunity, when Lins asked for it in his petition. That was at the taking of the judgment in foreclosure. This would have given Eads an opportunity to bid the land in when it was offered for sale. The way the case was handled in Ness county, the land was bid in by Lins and the sale confirmed for $1,000 less than the amount of the debt. The action against Eads was dismissed without prejudice over his objection, thus putting him out of an action in which rested his only hope to recoup. It is worthy of note that after the sale of the land was confirmed the mortgagor borrowed the money and redeemed it from the sale. Thus he was able to redeem the land for $1,000 less than the amount of the debt on account of the manner in which the foreclosure action was handled by Lins. It is true that Eads was denying any liability at that time, but Lins was asserting the liability of Eads and Eads had a right to have the question determined.

The action on the note and to foreclose the mortgage was on one cause of action. It was finally adjudicated in Ness county. The relief that was asked against Eads was a part of the same cause of action. It could have been adjudicated in Ness county. Those matters which could have been adjudicated in a prior action, as well as those which were actually adjudicated, are deemed to be settled by the prior final adjudication.

In *First Nat'l Bank v. Schruben,* 125 Kan. 417, 265 Pac. 53, a bank, the owner of a second mortgage, brought an action to foreclose it. The mortgagors, defendants in the case, asked that an assignee of the note and mortgage be made a party to the foreclosure action. The plaintiff bank alleged that it was the owner of the note in due course. The mortgagors denied that the bank owned the note and alleged that it was secured from them by fraud of the mortgagee and assignee and that the bank knew of the fraud. The assignee alleged that the bank owned the note. The trial court instructed the jury that if the note was procured by fraud of the assignee and others, and the bank knew of the fraud, it could not recover, and if the note was procured by fraud, but without notice by the bank, that the bank could recover what it actually had in the note. The court also instructed the jury that if no fraud inhered in the note the bank could recover the full amount of it. The jury returned a verdict for the amount the bank actually had in the note. Subsequently the assignee filed an answer in an action brought to foreclose the first mortgage on the same land, in which answer he alleged that the second note and mortgage had been turned over to him by the bank, and in which he asked judgment for the balance due on the note secured by the second mortgage. The mortgagor answered, setting up fraud of the assignee and the proceedings in the former case. The assignee was allowed judgment for the balance due on the note.

The court reversed that judgment, and said:

"Once a cause of action has been prosecuted to final judgment, all matters pertaining thereto and which were or properly should have been litigated under the facts constituting such cause of action are conclusively determined by that judgment and binding upon all parties to the litigation and their privies." (p. 421.)

The opinion quotes and cites many authorities to the same effect. See, also, *Dreier v. Ramsel,* 141 Kan. 502, 241 P. 2d 997, and *Wyant v. Russell,* 141 Kan. 803, 44 P. 2d 260.

In *Kaw Valley State Bank v. Thompson,* 140 Kan. 726, 37 P. 2d 985, a mortgagee sued on the note but did not ask that the mortgage be foreclosed. After securing judgment in this action the mortgagee subsequently brought an action to foreclose the mortgage. This court held that the foreclosure could not be maintained, and said:

"If everything incidental to the cause of action—and there was but a single cause—be properly determinable in the first judgment, it, under the authorities, is deemed a final one and subject to the objection of defendants against the relitigation of that issue or any part of it in any subsequent proceeding." (p. 730.)

See, also, *Clark v. Layman,* 144 Kan. 711, 62 P. 2d 897.

Lins argues here that the case is simply one where he dismissed an action without prejudice. He argues that a party can do this at any time. (See *Pugsley v. Railway Co.,* 69 Kan. 599, 77 Pac. 538.) This action cannot be settled so easily. As has been pointed out, one point in the trial of the action where the rights of Eads could have been adjudicated had been passed by, and his rights were not adjudicated then on account of action taken by Lins. Eads had thus been placed in a disadvantageous position on account of Lins. Having caused that situation, Lins lost his right to dismiss as to Eads without prejudice.

The judgment of the trial court is reversed with directions to enter judgment for defendant.