(660 P.2d 973)

No. 54,500

THOMPSON-HAYWARD CHEMICAL COMPANY, *Appellant,* v. CYPRUS MINES CORPORATION and CYPRUS INDUSTRIAL MINERALS CORPORATION, *Appellees.*

Opinion filed March 31, 1983.

*William A. Lynch,* of Blackwell, Sanders, Matheny, Weary & Lombardi, of Kansas City, Missouri, and *John J. Bukaty, Sr.,* of Bukaty & Bukaty, of Kansas City, Kansas, for the appellant.

*Carl H. Helmstetter,* of Spencer, Fane, Britt & Browne, of Kansas City, Missouri, and *Ernest N. Yarnevich,* of Dear, Yarnevich & Carey, of Kansas City, Kansas, for the appellees.

Before SWINEHART, P.J., ABBOTT and MEYER, JJ.

SWINEHART, J.: This action arises out of the termination of a distributorship agreement. Plaintiff appeals from the dismissal of its damage action on the ground that the action was barred by res judicata as a result of a prior action for injunctive relief.

Plaintiff Thompson-Hayward Chemical Company is engaged in the manufacture and distribution of industrial chemicals and minerals. Defendants Cyprus Mines Corporation and Cyprus Industrial Minerals Corporation are engaged in the mining, processing, sale and distribution of talc for use in industrial and manufacturing processes. In 1968, the parties entered into an agreement in which plaintiff distributed defendants' talc in

Kansas and other states. The agreement did not contain a provision regarding duration and was thus terminable at will by either party. On July 14, 1980, defendants for the first time informed plaintiff that the distributorship agreement would be terminated the following day.

On August 13, 1980, plaintiff filed a petition seeking both temporary and permanent injunctive relief to prevent the termination of the distributorship agreement prior to the passage of a period of time constituting reasonable notice of the intended termination. (That case will be referred to as the 1980 action.) On August 26, 1980, a hearing was held on plaintiff's request for a temporary injunction. The only issues addressed at that hearing were the reasonableness of the notice given by defendants and the propriety of injunctive relief. At the conclusion of the hearing, the trial court entered a temporary injunction requiring defendants to maintain business relations with plaintiff until it ruled on the propriety of a permanent injunction. The court requested the parties to submit proposed findings and memoranda.

On December 5, 1980, the court entered an order denying plaintiff's request for a permanent injunction. The court held that plaintiff had an adequate remedy at law in the nature of an action for damages, and was not entitled to equitable relief. In its conclusions of law the court stated:

"8. It is not the intent of this decision to impose any legal liability against defendants for the termination of the distributorship agreement. If plaintiff files an action for damages against the defendants, it will be up to the trier of fact in that case to determine whether reasonable notice of termination was given and, if not, the amount of damages due plaintiff by reason of defendant's failure to give reasonable notice.

"9. The within case is *dismissed without prejudice to plaintiff's right to file an action for damages against defendants.*" (Emphasis supplied.)

No appeal was taken from this decision by either party.

On October 7, 1981, plaintiff filed the present action, seeking damages for defendants' termination of the distributorship agreement without adequate notice. Defendants moved to dismiss the action on the ground that it was barred by the doctrine of res judicata as a result of the 1980 action. This motion, which was heard by a different judge than had presided over the 1980 action, was granted. He explained his decision as follows:

"3. The 1980 case was fully prosecuted to its conclusion. The Court in the 1980

case held a final evidentiary hearing on the merits between the same parties relating to the same issues as are now involved in the instant case. The parties thereafter submitted the case to the Court based on that evidentiary record and the claims there asserted. Following the hearing, the Court in the 1980 case entered a temporary injunction which substantively affected the relationships between the parties. Thereafter, although it purported to dismiss the 1980 case 'without prejudice,' the Court therein entered findings of fact and conclusions of law on the merits of the 1980 case and the instant case. That Court's characterization of the dismissal of the 1980 case as 'without prejudice' is not controlling for purposes of *res judicata* and is inconsistent with the entry of findings of fact and conclusions of law on the merits therein. Plaintiff was able to assert in the 1980 case the same claim for damages that plaintiff asserts here, but chose not to do so. Plaintiff is not permitted to split its cause of action and prosecute the instant damage action after litigating the earlier action for injunctive relief."

Plaintiff appeals from the dismissal of its damage action, asserting three distinct reasons why res judicata is inapplicable: (1) the 1980 action was not adjudicated on the merits; (2) the 1980 action was specifically dismissed "without prejudice"; and (3) the present action states a different cause of action than was involved in the 1980 case. As we find that plaintiff is correct on all three grounds, we reverse the decision of the trial court.

The rule of res judicata, which forbids a party from twice litigating the same cause of action, applies not only to questions which were actually presented and decided, but also to every question which might have been presented and decided. *Hutchinson Nat'l Bank & Trust Co. v. English,* 209 Kan. 127, 130, 495 P.2d 1011 (1972). For the rule to apply, however, there must have been a judgment on the merits in the initial action. *Beard v. Maynard,* 223 Kan. 631, 637, 576 P.2d 611 (1978); *Penachio v. Walker,* 207 Kan. 54, 57, 483 P.2d 1119 (1971). A judgment is not on the merits if it represents a judicial decision upon some point other than the issues of law and fact which must be disposed of in order to determine whether the parties have good claims or defenses under the applicable substantive law. *Griffith v. Stout Remodeling, Inc.,* 219 Kan. 408, Syl. ¶ 5, 548 P.2d 1238 (1976). Stated otherwise, a judgment on the merits is one which determines the rights and liabilities of the parties based upon the ultimate fact as disclosed by the pleadings or issues presented for trial. *Penachio v. Walker,* 207 Kan. at 57.

The dismissal of plaintiff's 1980 action for injunctive relief on the ground that plaintiff had an adequate remedy at law was not a resolution of the substantive merits of plaintiff's claim. In *Grif-*

*fith v. Stout Remodeling, Inc.*, 219 Kan. 408, Syl. ¶ 8, it was held that the doctrine of res judicata is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available. See also Restatement (Second) of Judgments §§ 24, 25, 26 (1980); 46 Am. Jur. 2d, Judgments § 498. More specifically, it is stated in 42 Am. Jur. 2d, Injunctions § 322, p. 1125, that a dismissal of an action for injunctive relief on the ground that an adequate remedy at law exists does not affect the right to maintain an action for damages. See generally *Meyn v. Kansas City*, 91 Kan. 29, 136 Pac. 898 (1913).

Further, the court in the 1980 action held that it was not determining the rights of the parties, stating that the reasonableness of the notice and the extent of plaintiff's damages would be questions for the trier of fact in a subsequent damage action. Defendants' contention that the court's failure to rule on the merits was due to plaintiff's failure to produce evidence is mistaken, for the court noted that "only time will determine" whether the time allowed by the temporary injunction was a reasonable period and whether plaintiff would be able to convert its customers to the new brand of talc it was distributing. Plaintiff's damage claim could not have been litigated at the time of the 1980 action, for the circumstances giving rise to that claim were still operative.

Plaintiff next asserts res judicata is inapplicable because the 1980 action was expressly dismissed "without prejudice to plaintiff's right to file an action for damages against defendants." In dismissing the present damage action, the trial court disregarded this designation, holding that it was not controlling and was inconsistent with what the court erroneously perceived to be a ruling on the merits in the 1980 action.

The meaning of the term "without prejudice" was discussed in *Frost v. Hardin*, 1 Kan. App. 2d 464, 466, 571 P.2d 11 (1977), *aff'd* 224 Kan. 12, 577 P.2d 1172 (1978):

"The dismissal was, therefore, by statute, 'without prejudice.' We would suppose that phrase to be commonly understood by lawyers everywhere. 'In its general adaptation, the phrase means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as though no suit had ever been brought.' (97 C.J.S., 331, defining 'without prejudice.') See also, *Hargis v. Robinson*, 70 Kan. 589, 594, 79 Pac. 119, where our Supreme Court observed over seventy years ago: 'The terms "with

prejudice" and "without prejudice" have been recognized by the legislature and by the decisions of this court as having reference to, and being determinative of, the right to the bringing of a future action.' "

The fact that a dismissal "without prejudice" does not bar a subsequent action is a long-standing rule in this state. See *Hargis v. Robinson,* 70 Kan. 589, 594, 79 Pac. 119 (1905); *Railway Co. v. McWherter,* 59 Kan. 345, Syl. ¶ 2, 53 Pac. 135 (1898); *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127, 135 (1873). See generally Annot., 14 A.L.R. 543; 46 Am. Jur. 2d, Judgments § 484. Further, the designation of the dismissal of an action "without prejudice" is in the nature of a judgment. *Hargis v. Robinson,* 70 Kan. at 594. In *Brown v. Kirkbride,* 19 Kan. 588 (1878), it was held that the question of whether an initial action was properly dismissed without prejudice is not to be considered in a subsequent action. Defendants could have appealed the "without prejudice" designation but failed to do so. They are thus precluded from attacking that designation in the present action.

Defendants note that in *Lins v. Eads,* 145 Kan. 493, 66 P.2d 390 (1937), the designation of a dismissal as "without prejudice" was disregarded. *Lins* is factually distinguishable in that the rights of the defendant were so significantly impaired by the dismissal of the initial action that the plaintiff was held to have lost his right to dismiss that action without prejudice. 145 Kan. at 501. Defendants in the present case suffered no such damage as a result of the dismissal of the 1980 action.

Finally, res judicata does not apply because the two suits were based upon different causes of action; identity of the causes of action is a prerequisite for applicability of the doctrine. See *Wells, Administrator v. Ross,* 204 Kan. 676, 678, 465 P.2d 966 (1970). Defendants argue that plaintiff was deemed to have admitted the "fact" that two suits were based on the same cause of action by its failure to comply with Supreme Court Rule 141(b), 230 Kan. lxxxv-lxxxvi, in responding to defendants' motion for summary judgment. While plaintiff did fail to comply with the rule, it will not be deemed to have admitted the "fact" in question because the determination of the identity of causes of action is a question of law, not fact. See generally 1 Am. Jur. 2d, Actions § 128, and 46 Am. Jur. 2d, Judgments § 406 (legal tests for determining the identity of causes of action are discussed). A

conclusion of law, although designated as a finding of fact, is to be treated as a conclusion of law on appellate review. *Byer v. Byer*, 180 Kan. 258, Syl. ¶ 1, 303 P.2d 137 (1956). Because the question is one of law, plaintiff can challenge the propriety of the trial court's ruling. See *State, ex rel., v. Doolin & Shaw*, 209 Kan. 244, 261, 497 P.2d 138 (1972); *Baker v. R. D. Andersen Constr. Co.*, 7 Kan. App. 2d 568, 571, 644 P.2d 1354, *rev. denied* 231 Kan. 799 (1982).

A cause of action arises from the wrong done and not from the character of relief sought or from the measure of compensation. *Burnison v. Fry*, 199 Kan. 277, 281, 428 P.2d 809 (1967); *Foster v. Humburg*, 180 Kan. 64, 67, 299 P.2d 46 (1956). In *Hutchinson Nat'l Bank & Trust Co. v. English*, 209 Kan. at 129, it was noted that the term "cause of action" is technically the same as "claim for relief." The test for determining if claims for relief are the same is whether the primary right and duty and delict or wrong is the same in each action. *Baca v. Walgreen Co.*, 6 Kan. App. 2d 505, 518, 630 P.2d 1185 (1981), *rev'd in part on other grounds* 230 Kan. 443, 638 P.2d 898, *cert. denied* 459 U.S. _____, 74 L.Ed.2d 112 (1982). See also 46 Am. Jur. 2d, Judgments § 406.

At first glance, it would appear that the two cases were based upon the same cause of action. The primary right, plaintiff's right to receive reasonable notice before the termination of the distributorship agreement, and the primary wrong, defendants' alleged failure to give such notice, were the same in each case. Plaintiff notes, however, that in several Kansas cases it has been held that an action for injunctive relief or specific performance does not constitute the same cause of action as an action for damages. One such case is *Gage v. Leslie*, 123 Kan. 72, 254 Pac. 362 (1927), in which the plaintiff filed an initial action seeking specific performance of a contract to exchange residences, and a second action to recover rent for the period in which defendant wrongfully remained in possession. In holding that the two claims did not constitute the same cause of action, the Kansas Supreme Court noted that at the time of the specific performance action, most of the rent in issue in the second action had not accrued. 123 Kan. at 76.

Likewise, in the present case the events giving rise to the plaintiff's claim for damages were still in motion when the injunction action was filed. The first action was an effort to

prevent such damages from occurring; the second, an effort to recover damages after they occurred. For other Kansas cases holding that a suit for equitable relief is not predicated upon the same cause of action as a subsequent suit for damages, see *Meyn v. Kansas City*, 91 Kan. 29; *Chanute Brick & Tile Co. v. Gas Belt Fuel Co.*, 89 Kan. 177, 130 Pac. 649 (1913). See generally Annot., 26 A.L.R.2d 446. *Burnison v. Fry,* 199 Kan. 277, upon which defendants rely, is distinguishable in that the damage action was based upon a claim which had been fully adjudicated in the initial action for injunctive relief.

The judgment of the district court is reversed and the case is remanded with directions to allow plaintiff to proceed with its damage action.