Claron D. BAILEY, Plaintiff and Respondent,

v.

DESERET FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant and Appellant.

No. 18961.

Supreme Court of Utah.

June 19, 1985.

Edward M. Garrett, Joseph E. Hatch, Salt Lake City, for defendant and appellant.

J. Steven Newton, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The plaintiff, a mechanic's lien holder and assignee of a second position trust deed, filed a complaint with the federal bankruptcy court asking the court to stay a

trustee's sale which was to be conducted by the defendant Deseret Federal Savings and Loan as holder of the first position trust deed. The bankruptcy court dismissed the plaintiff's complaint and allowed the defendant to proceed with the trustee's sale. The plaintiff then filed an action in Utah district court requesting that he be awarded the excess sale proceeds over the amount due the defendant by virtue of its trust deed.

In the district court, the defendant requested summary judgment, arguing that the bankruptcy court's dismissal was res judicata and that the plaintiff was therefore barred from bringing any further action. In response to the defendant's motion for summary judgment, the plaintiff's attorney filed an affidavit summarizing the proceedings of the bankruptcy court. That affidavit showed that the bankruptcy court had dismissed the complaint for lack of jurisdiction and hence had never made a judgment on the merits that could serve as the basis for res judicata. The district court denied the motion for summary judgment and, after trial, found for the plaintiff. We affirm.

■ The defendant argues that the affidavit from the plaintiff's attorney was hearsay and should not have been accepted by the district court. The defendant failed, however, to interpose any objection to the use of the affidavit below and has raised this issue for the first time on appeal. We have consistently held that an issue not raised in the trial court may not be raised on appeal. *Turtle Management, Inc. v. Haggis Management, Inc.*, Utah, 645 P.2d 667, 672 (1982), states the law succinctly:

> This Court will not consider on appeal issues which were not submitted to the trial court and concerning which the trial court did not have the opportunity to make any findings of fact or law.

*See also Henderson v. Osguthorpe*, Utah, 657 P.2d 1268, 1270 (1982); *Chris-*

tiansen v. Utah Transit Authority, Utah, 649 P.2d 42, 47 (1982); *Lamkin v. Lynch*, Utah, 600 P.2d 530, 533 (1979).

The affidavit of the plaintiff's attorney [1] established that the bankruptcy judge dismissed the complaint because of the secured claims on the property and because, given the small excess created by the trustee's sale and the amounts demanded by creditors, the bankruptcy trustee and therefore the court had no interest in the funds. The judge stated in his final comment to the plaintiff's counsel, "[T]here being no interest of this Court in the sale proceeds, on the sale which has already occurred ... and since your client['s] ... concern is only with those proceeds, it would appear to the Court appropriate to grant the motion to dismiss...." This statement, viewed in conjunction with the bankruptcy judge's earlier favorable response to the plaintiff's statement that he would prefer to have all ties with the bankruptcy court severed so he could "go to the state court," indicates that the judge did not intend his dismissal to be a determination on the merits.

In *Krofcheck v. Downey State Bank*, Utah, 580 P.2d 243, 244 (1978), this Court articulated three requirements for res judicata: first, in order for a prior action to be res judicata it must have been between the same parties or parties in privity with them; second, the action must have involved the same issues or issues which should have been raised; and finally, there must have been a final judgment on the merits. A recent Kansas case provides a good definition of the phrase "on the merits."

> A judgment is not on the merits if it represents a judicial decision upon some point other than the issues of law and fact which must be disposed of in order to determine whether the parties have good claims or defenses under the applicable substantive law.

**1.** The plaintiff filed in this Court, as a supplement to his reply brief on the issue of attorney fees, a copy of the transcript of the bankruptcy court hearing. We note that a comparison of the affidavit and the contents of the transcript shows that the affidavit is accurate in its description of what occurred at the bankruptcy hearing.

*Thompson-Hayward Chemical Co. v. Cyprus Mines Corp.,* 8 Kan.App.2d 487, 660 P.2d 973, 976 (1983).

■ A finding that the court does not have jurisdiction is clearly not the sort of adjudication that can serve as the basis for res judicata on the merits. In *Rhoades v. Wright,* Utah, 552 P.2d 131, 133 (1976), the Court held that while a determination of lack of jurisdiction is res judicata on the issue of jurisdiction, it "is not res judicata as to the merits of the action." This proposition is also supported by case law from other jurisdictions. *See Peacock v. Piper,* 81 Wash.2d 731, 734, 504 P.2d 1124, 1126 (1973); *Hines v. Superior Court,* Okla., 435 P.2d 149, 151 (1967); *Swan v. Sargent Industries,* Okla.Ct.App., 620 P.2d 473, 477 (1980).

■ The affidavit filed by the plaintiff's attorney is accurate in asserting that the bankruptcy court did not make an adjudication on the merits. The bankruptcy court's dismissal was not, therefore, res judicata for purposes of the Utah district court action. Although the affidavit was probably hearsay, the defendant's failure to object to its admission in the trial court precludes consideration of that issue on appeal.

Affirmed. Costs and attorney fees on appeal awarded to respondent.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.