**PHILLIPS USA, INC., Plaintiff,**

v.

**ALLFLEX USA, INC., Allflex Holdings, Ltd., Allflex New Zealand, Ltd., Allflex North American Holdings, Inc., Allflex S.A., S.F.I.E., and N.J. Phillips Pty. Ltd., Defendants.**

**No. 92–2405–JWL.**

United States District Court, D. Kansas.

July 30, 1993.

Paul P. Hasty, Jr., Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, Stuart A. Jackson, Anna W. Kirschner, Thomas Re & Partners, New York City, for plaintiff.

Kathleen A. McNamara, Jolley, Walsh & Hager, P.C., Kansas City, MO, Dennis G. Martin, Blakely, Sokoloff, Taylor & Zafman, C. Dickinson Hill, Los Angeles, CA, Robert J. Dailey, Janet Dore, Morgan & Finnegan, New York City, for defendant Allflex USA Inc.

G. David Porter, Shook, Hardy & Bacon, Kansas City, MO, William R. Sampson, Paul W. Rebein, Shook, Hardy & Bacon, Overland Park, KS, for defendant N.J. Phillips Pty. Ltd.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This matter comes before the court on defendant N.J. Phillips, PTY, Ltd.'s motion to dismiss counts V and VI for failure to state a claim (Doc. # 131). The court held a hearing on this motion on July 29, 1993. As set forth below, the court has determined that it must treat the motion to dismiss as a motion for summary judgment and the parties are given an opportunity under Federal Rule of Civil Procedure 12(b) to provide additional filings before the court determines the outcome.

This case involves a United States distributor, plaintiff Phillips USA Inc. ("PUSA"), of veterinary supplies manufactured by an Australian company, defendant N.J. Phillips PTY. Ltd. ("NJP"), which alleges that it was squeezed out of its position as the exclusive distributor of NJP's products in the United States when NJP raised its prices to PUSA, thereby forcing PUSA to release its subdistributor, defendant Allflex USA, Inc. ("Allflex"), and soon thereafter NJP contracted with Allflex to distribute NJP's products in the United States in competition with PUSA.

PUSA, in this case, brings claims against NJP (1) for tortious interference with PUSA's contract with Allflex and (2) for conspiracy to cause PUSA economic damage by driving it from the marketplace. NJP, in its motion to dismiss, alleges, and has attached to its motion to dismiss additional documents in support, that PUSA is barred from bringing these claims because it has already sued NJP and obtained a judgment in an Australian court for the same cause of action.

### II. Res Judicata

 As a threshold matter, the court finds that federal law controls the issue of whether the two claims in this action by PUSA against NJP are barred by res judicata as a result of the Australian action. "As a general rule [federal courts] apply federal law to the res judicata issue in successive diversity actions ..." *Lowell Staats Min. Co., Inc. v.*

*Philadelphia Elec. Co.,* 878 F.2d 1271, 1274 (10th Cir.1989). The court believes that this principle applies here, even though, strictly speaking, we are dealing with a diversity action following a foreign action rather than "successive diversity actions."

The Tenth Circuit stated its view of res judicata in *Clark v. Haas Group, Inc.:*

Res judicata generally applies where there is an identity of parties and of claims and a final judgment on the merits. It is designed to ensure the finality of judicial decisions. Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Stated alternatively, under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.

953 F.2d 1235, 1237–38 (10th Cir.1992) (citations omitted).[1]

A. Identity of Parties and Final Judgment on the Merits

Defendant NJP alleges (1) that both PUSA and NJP were parties to the Australian action and thus there was an identity of parties between the two actions and (2) that there was a final judgment on the merits in the Australian action. These are legal issues but their determination must be based on facts outside the scope of the pleadings and therefore are not subject to a motion to dismiss. As is discussed below, the court will treat this motion to dismiss as a motion for summary judgment and give the parties a reasonable period to file additional papers.

B. Same Cause of Action

Defendant NJP also alleges that the claims against NJP in the present action and those in the Australian action are based on the same cause of action. The Tenth Circuit has adopted the transactional approach of Restatement (Second) of Judgments § 24 (1982) in order to determine what constitutes a single cause of action in a given case. *Clark,* 953 F.2d at 1238. The Restatement provides as follows:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18,19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Id.*

NJP alleges that PUSA's claims in the Australian action against NJP were for breach of its contract with PUSA and for conspiracy to defraud PUSA. These claims are not based on the same legal theories as the claims in the present action, however, "[i]nasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories." *Id.* The appropriate inquiry, then, is not whether the claims in both actions bear the same legal titles but whether they arose from the same "transaction" or "series of connected transactions."

■ NJP argues that all of PUSA's claims against NJP arise from the connected transactions of NJP raising its prices to force PUSA to let Allflex go and then contracting with Allflex to represent NJP directly. PUSA argues that the claims in the Australian action relate to the contract between PUSA and NJP while the claims in the pres-

---

**1.** The plaintiff has suggested that the law of Kansas is controlling on the issue of res judicata. Though this court disagrees, the law of Kansas on res judicata is substantially identical in all pertinent respects to Tenth Circuit law on the doctrine. *See Steele v. Guardianship and Conservatorship of Crist,* 251 Kan. 712, 840 P.2d 1107, 1114 (1992); *Thompson–Hayward Chemical Co. v. Cyprus Mines Corp.,* 8 Kan.App.2d 487, 489–90, 660 P.2d 973 (1983).

ent action relate to the separate contract, and thus separate and unconnected transaction, between PUSA and Allflex. Whether or not the claims in both actions arose out of the same transaction or series of connected transactions is a legal question the determination of which requires consideration of facts outside the pleadings and is appropriately resolved by summary judgment.

*III. Comity*

 Because the Australian action which NJP argues supports res judicata is a judgment of a court in a foreign country, whether or not the courts of Kansas would give effect to that judgment for purposes of res judicata is a question of comity. The enforceability of judgments rendered by courts of foreign nations is to be determined under the law of the state, here Kansas, in which enforcement is sought. *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 440 (3rd Cir.1971), *cert. denied*, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972).

 Kansas courts recognize principles of comity. *Head v. Platte County, Mo.*, 242 Kan. 442, 749 P.2d 6 (1988); *In re Marriage of Nasica*, 12 Kan.App.2d 794, 758 P.2d 240, 244 (1988). "Comity is a recognition which one nation extends within its own territory to the legislative, executive, or judicial acts of another." *Somportex Ltd.*, 453 F.2d at 440. "Comity is not binding on the forum state, but is a courtesy extended ... out of convenience and expediency." *Head*, 242 Kan. at 448, 749 P.2d 6. "No state should give effect to the law of another on principles of comity when the effect would be deleterious to the public policy of the forum state." *Id.* at 447, 749 P.2d 6.

Although Kansas courts have not spelled out the requirements for granting comity, most courts follow those set out by the Su-

preme Court in *Hilton v. Guyot*, 159 U.S. 113, 205, 16 S.Ct. 139, 159, 40 L.Ed. 95 (1895).[2] In applying the principles set out in *Hilton*, "courts will generally recognize the judgments of foreign courts if (1) the foreign court had personal and subject matter jurisdiction; (2) the defendant in the foreign action had adequate notice and opportunity to be heard; (3) the judgment was not obtained by fraud; and (4) enforcement will not contravene public policy." *South Carolina Nat. Bank v. Westpac Banking Corp.*, 678 F.Supp. 596, 598 (D.S.C.1987).

 The plaintiff, in essence, argues that the Kansas Supreme Court established a rule in *Head v. Platte County, Mo.* that Kansas courts will not grant comity any time that such rulings are adverse to Kansas citizens. 242 Kan. 442, 749 P.2d 6 (1988). PUSA believes such a rule favors it because it is based in Lenexa, Kansas. The court disagrees. *Head* only holds that Kansas courts will not grant comity when giving effect to the laws of another forum "would be deleterious to the public policy of" Kansas. *Id.* at 448, 749 P.2d 6. This is a very different matter from the "hometown advantage" urged by PUSA. However, whether or not the requirements of comity are met is a legal question which can only be determined based on facts outside the pleadings and is appropriately resolved by summary judgment.

*IV. Treating the Motion to Dismiss as a Motion for Summary Judgment*

NJP's motion to dismiss here should more properly have been brought as a motion for summary judgment because consideration of facts outside the pleadings is necessary. Although NJP styled their pleading as a motion to dismiss, an appendix to NJP's motion contained a statement of uncontroverted facts, at least tacitly recognizing this need to go beyond. The court, pursuant to Fed.R.Civ.P.

---

**2.** "When an action is brought in a court of this country by a citizen of a foreign country against one of our own citizens ... and the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a

clear and formal record, the judgment is prima facie evidence, at least, of the truth of the matter adjudged; and it should be held conclusive upon the merits tried in the foreign court, unless some special ground is shown for impeaching the judgment, as by showing that it was affected by fraud or prejudice, or that by the principles of international law, and by the comity of our own country, it should not be given full credit and effect."

12(b), elects to treat NJP's motion as a motion for summary judgment in order to determine whether res judicata applies to bar PUSA's claims against NJP in this action. NJP's appendix will be deemed a suitable statement of uncontroverted facts to comply with the court's rule on motions for summary judgment. D.Kan.Rule 206(c).

The parties will "be given a reasonable opportunity in which to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). *See Adams v. Campbell County School Dist.*, 483 F.2d 1351, 1353 (10th Cir.1973) ("To consider a motion to dismiss as a motion for summary judgment without giving the adverse party an opportunity to present pertinent material is error."). The parties should tailor their supplemental submissions to the facts and arguments which directly bear on the unresolved res judicata and comity issues discussed above. Pursuant to District of Kansas Rule 206(b), PUSA shall have twenty days from the entry of this order in which to file a response to NJP's motion for summary judgment. NJP shall then have ten days in which to reply. The court will decide at that time whether or not additional argument would be helpful and will proceed either to reset the motion for hearing or to rule on it.

*V. Conclusion*

**IT IS THEREFORE ORDERED BY THE COURT** that N.J. Phillips PTY, Ltd.'s motion to dismiss (Doc. # 131) is treated by the court as a motion for summary judgment.

**IT IS FURTHER ORDERED** that Phillips USA, Inc. shall have twenty days from the entry of this judgment in which to respond to N.J. Phillips PTY, Ltd.'s motion for summary judgment.

**IT IS FURTHER ORDERED** that N.J. Phillips PTY, Ltd.'s shall have ten days from when Phillips USA, Inc. files its response in which to file its reply.

**IT IS SO ORDERED.**