## George B. Moody *et al. vs.* Kiah B. Sewall.

When the contract is made with several jointly, they should all sue for a breach of it, unless the case exhibits some good reason why they should not.

The mere facts, that one pays his proportion, and the other pays nothing, furnish no such reason.

The action was *assumpsit,* for money paid, laid out and expended, and for labor done.   Certain individuals, being owners of building lots lying on the public street in *Bangor,* agreed to appropriate a certain portion of the lots for the purpose of extending a mall, and also agreed to pay their respective proportions of the expense of constructing it.   Subsequently the owner of one of these lots sold it to the plaintiffs, *George B. Moody* and *Edmund L. Le Breton,* and one *Ransom Clark,* and the three agreed to assume the liability of the seller for that expense, the plaintiffs to pay one half, and *Clark* one half, according to their respective interests, as tenants in common.   After this the plaintiffs and *Clark* sold the same lot to the defendant, and he gave them a paper, a copy of which follows.

*"Bangor, June* 26, 1835.

" For a valuable consideration, I agree with *Ransom Clark,* and *Moody & Le Breton,* that I will pay the expense of extending *Broadway* mall by the front of the *Warren* and *Brown* lot, so called, this day conveyed to me by *Henry Warren* and *Edmund L. Le Breton,* and will save said *Clark* and *Moody & Le Breton,* harmless from said expense.   And also indemnify them against their bond to the city of *Bangor,* given to secure said city against any claim for damages to arise in consequence of extending said mall.

" *K. B. Sewall.*"

The mall was completed, and the plaintiffs were called upon to pay one half of the amount chargeable to said lot, according to their agreement, and did pay it.   *Clark,* who had agreed to pay the other half of the expense, has paid no part of it.   A note had been given by the defendant to the plaintiffs and *Ransom Clark,* which had been indorsed by them to a Mr. *Gardner.*   The note was sent to *Bangor* for collection, and the plaintiffs, as indorsers, paid thereon $60,21, being the amount of interest then due.   It did not ap-

pear whether the indorsers were or were not made legally liable, by demand and notice.

*W. P. Fessenden*, for the plaintiffs, argued, that the terms of the paper show, that it was not intended by the parties to be a contract between the defendant and three jointly, but with the plaintiffs, as to one half, and with *Clark* as to the other. He cited 5 *Rep.* 8, *Wyndham's Case*; *Dyer*, 337; 1 *Saund.* 154 *n.*; 5 *Price*, 829; 2 *Moore*, 195. Whether a contract is joint or several depends on the interest and cause of action; and these control the language of the parties. *Nelson* v. *Milford*, 7 *Pick.* 18; *Carter* v. *Carter*, 14 *Pick.* 224; *Teed* v. *Elworthy*, 14 *East*, 210; *Hammond on Parties*, 21; *Bro. Joint tenants*, *pl.* 72. He also urged, that the plaintiffs were entitled to recover the amount paid on the note. The presumption is, that they were made liable by law to pay the note as indorsers. But if they were not notified, this is a personal right, which they may waive. The defendant is liable to pay at all events, and the plaintiffs may consider themselves so, and are not obliged to litigate the question, before they can pay and call on the maker. 9 *Mass. R.* 1; 12 *Mass. R.* 52; 5 *Pick.* 436. Money paid by an indorser may be recovered under the money counts. 6 *B. & C.* 437; 20 *Johns. R.* 367; 2 *Wend.* 369; 6 *Wend.* 284.

*Mellen*, for the defendant.

The action, as to the money paid for widening the street, is necessarily founded on the agreement; and by the agreement, it appears, that *Clark* is one of the promisees, and should have been made a co-plaintiff. 1 *Saund.* 154, *note*; *Marshall* v. *Jones*, 2 *Fairf.* 54; 1. *Chitty Pl.* 6, 7. The same authorities show, that this may be taken advantage of on the general issue. There can be no severence of a joint contract, unless by the consent of the contractors and contractees. *Austin* v. *Walsh*, 2 *Mass. R.* 401; *Baker* v. *Jewell*, 6 *Mass. R.* 460; *Holland* v. *Weld*, 4 *Greenl.* 255; 2 *Inst.* 673; *Bac. Ab.* 696; *Yelv.* 177. The special contract of the defendant is either joint or several. The whole three should be joined, or each should bring a several action. But here two of the three join.

As to the sum paid on the note, there is the same objections, and the additional one, that no one has a right to make another his

debtor against his consent. As the plaintiffs do not appear to be liable as indorsers, it was a mere voluntary payment, and furnishes them no cause of action.

After a continuance, the opinion of the Court was drawn up by

SHEPLEY J. — When the contract is made with several jointly, they should all sue for a breach of it, unless the case exhibits some good reason why they should not. The contract of the 26th of June, 1835, relied upon as proof in the case, though not declared upon, was made with the plaintiffs and *Ransom Clark,* who is not joined in the suit. To avoid the operation of this principle the plaintiffs' counsel contends, that the beneficial interest and cause of action are several. But the contract affords no proof of a separate interest; the promise is to them jointly to pay the expenses of extending a mall, and to save them harmless "against their bond." In both those contracts they all three appear to be jointly liable; and in no other part of the case is there any evidence of a separate interest, except it appears, that after the defendant made his contract with them, the plaintiffs paid one half of the amount to be paid, and that *Clark* did not pay the other half. This affords no such evidence of a separate interest in the original contract made with the defendant, as authorizes separate suits. And if it did, the suit is brought neither jointly nor severally, and it cannot for that reason be sustained, unless, as the counsel for the plaintiffs contends, they must be regarded as one. The case does not furnish any proof of a *joint* interest, or of a partnership in those two, other than what is common to joint contractors.

The other claim arises out of a payment made to the holder by the two plaintiffs upon a note signed by the defendant and payable to them and *Clark,* or order, and indorsed by them. There being no proof, that the payment was made out of a joint fund of the plaintiffs, the presumption is, if not made on the joint account of the promisees, that it was made by each severally according to their respective legal obligations. *Lombard et al.* v. *Cobb, ante. p.* 222. The action not being brought on the ground of a joint, or several, contract, cannot upon the proof in the case be sustained, and according to the agreement, there must be

*Judgment for defendant.*