WHITE & *al. versus* CURTIS.

To maintain assumpsit against one who, after the loss of a vessel at sea, has received the insurance money upon her freight, all the part owners must join, as co-plaintiffs.

Advantage of a non-joinder may be taken on the general issue.

Amendments in a writ may be made by striking out or inserting the names of *defendants*.

That rule has not been applied to *plaintiffs*.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

The plaintiffs were part owners of the schooner Abby Hammond. One Martin was also a part owner, but he does not join in this suit, not being one of the plaintiffs.

The defendant in Boston procured insurance, in his own name for whom it might concern, upon the freight on a voyage from Boston to Aux Cayes and back, on which voyage the schooner was lost.

This action of *assumpsit* is brought to recover the plaintiffs' part of the insurance money, alleged to have been received by the defendant.

Plea, general issue.

*Herbert*, for the plaintiffs.

*Robinson*, for the defendant.

RICE, J. — If the plaintiffs are entitled to any portion of

the money which the defendant received from the insurance company, it is upon an implied contract with the owners of the Abby Hammond, jointly. The facts reported disclose no severance of the joint interest of the owners, or any of them. This case falls under the general principle, that where part owners sue, *ex contractu*, all the persons who are part owners must join; for all who are parties to a contract, must sue for a breach of it. The case of *Williams* v. *Williams*, relied on by the counsel for plaintiff, does not militate with this principle, but is entirely consistent with it.

The law does not permit a defendant to be harassed with a multiplicity of suits when the whole matter in controversy can be more appropriately and equitably settled in one.

Sections 11 & 12, c. 115, R. S. authorize amendments by striking out or inserting names of *defendants*, only. That rule, in this State, has not been applied to plaintiffs.

According to the agreement a nonsuit is to be entered.

SHEPLEY, C. J., and TENNEY, HATHAWAY and APPLETON, J. J., concurred.