### JONES & al. versus LOWELL.

In trespass for injury to personal property, owned by the plaintiffs jointly with other co-tenants, damages may be recovered in proportion to the plaintiffs' ownership.

In trespass for injury to personal property, the person who committed the act complained of, is competent, as a witness for the plaintiff, to prove that the act was done by direction of the defendant.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

TRESPASS.

The plaintiffs owned some sticks of old timber upon the ship-yard shore. Two men cut into firewood one of the sticks and also an old mast which lay near it.

For that cutting, this action was brought.

To show that the cutting was ordered by the defendant, the plaintiffs offered as witnesses the two men by whom the wood had been cut. They were objected to because of their interest, to get discharged from their liability, by enabling the plaintiffs to recover and obtain pay from the defendant.

They were however admitted, and testified that the defendant had employed them to cut some sticks of his timber, and sent his clerk to point out the sticks, who accordingly pointed out the mast and the other stick, which they cut, supposing them to be the defendant's property. There was

testimony that the mast belonged to several co-tenants, the plaintiffs owning one half of it.

The Judge instructed the jury that, if they found for the plaintiffs in relation to the mast, they should allow them the amount of one half the injury done to it.

The verdict was for the plaintiffs, and the defendant excepted.

*C. Lowell,* for the defendant.

It is not pretended that the defendant designed, or in person committed any trespass upon the property of the plaintiffs, but that a clerk, as his agent, by mistake, directed two Irishmen to cut the plaintiffs' spars instead of the defendant's, both lying in contiguous localities.

And these two Irishmen, the actual trespassers, are introduced to sustain the plaintiffs' claim against the defendant, under a pretence that they were the sub-agents, appointed and directed by the defendant's clerk, as principal agent, to do the wrong.

We contend that until the testimony of the supposed clerk, or some other legal evidence is introduced to prove his authority and the directions he gave, the actual trespassers, the pretended sub-agents, are incompetent to prove their own innocence, and the guilt of the defendant, by swearing to this double agency.

They were engaged in a palpable wrong, a legal tort, and no prior authority from the defendant, or a subsequent ratification by him, could excuse the trespassers from their legal liability to the injured plaintiffs. This we apprehend is well settled, sound law.

In one and the same breath, the plaintiffs seek by these blundering Irishmen to prove — 1st, that the defendant had a clerk; — 2d, that he directed that clerk to show them his spars; — 3d, that the clerk did show and point out the spars claimed by the plaintiffs; — and 4th, that they, the Irishmen, cut the very spars, thus pointed out by the clerk.

This, we think, is a little too much evidence to get from *such* a source.

By' swearing the. case against, the defendant, through the absent, speechless clerk, they swear themselves clear of both parties. :.Their interest, then, is scarcely less than that of either of the parties of. record. ·

Are they then competent witnesses in any view of the matter, especially without a release, and will the highest Court in Maine sanction the use of such interested witnesses ? We think not. If admissible at all,· it is only so after a release, and the necessary antecedent testimony of the clerk. The *onus probandi* , is upon the plaintiffs.

We think this view of the matter is sustained by the general principles of law, and recognized in the following cases. *Paine* v. *Tucker*, 21 Maine, 138 ; *Clark* v. *Peabody*, 22 ib. 500 ; *Crooker* v. *Appleton*, 25 ib. 131 ; *Atkinson* v. *Snow*, 30 ib;. 364. :

In *Everton* v. *Andrews*, 4 Mass. 653, it is said, " if the testimony of the witness, produced by the plaintiff, would discharge him from the plaintiff's demand, by establishing it against the defendant, this testimony will not be received."

We contend, then, that this testimony was improperly admitted, and that our exceptions are well sustained.

*J. A.·Peters*, for the plaintiffs.

APPLETON, J. — In assumpsit, if a party, who ought to join as plaintiff, be omitted, the defendant may take advantage of such omission under the general issue. In trespass the exception is only available by plea in abatement. In this case, the general issue having been pleaded, the plaintiffs, though co-tenants with others in whole or in part of the property upon which the trespass was committed, are entitled to recover to the extent of the injury by them sustained.· *Cabell* v.· *Vaughan*,. 1 Saund. 291, f.

The servant of the defendant, by whom the act complained of was done, was· called as a witness to establish the case on the part of the plaintiffs and exceptions have been alleged to the reception of his testimony on the ground of interest. When and in what cases a witness should be rejected for this

cause is a question more involved in uncertainty than any other in the endless variety of topics submitted for judicial investigation. The presumption of law is in all cases in favor of admission. Every witness, who is offered, should be received to testify unless he is clearly and incontrovertibly brought within some of those legal principles which, whether wisely or not, have been deemed sufficient to justify exclusion.

In trespass, all who engage in the act, as well those who commit the trespass as those who, without being present, advise or direct its commission, are principals as between themselves and have ordinarily no contributory rights. Where there are many trespassers a suit may be brought against each severally, and a recovery of judgment against one is no bar to the prosecution of suits by the same plaintiff against each of the others for compensation for the same injury. *Livingston* v. *Bishop,* 1 Johns. 290. The plaintiff may have several actions against each trespasser and elect *de melioribus damnis,* but he can have but one satisfaction. Metc. Yelv. 68, a.

The recovery here being no bar to a suit against the witness for the trespass to which his testimony related, he has no interest in the judgment as a judgment. It could not be received in a suit against him to show the fact of the trespass or the amount of the injury. As against him the plaintiffs may recover more or less as the jury may determine. It is true the plaintiffs may collect the judgment they may recover against the defendant, but that contingency is one affecting the credibility rather than the competency of the witness. If the judgment should be paid, it is the payment, which will defeat the plaintiffs' right to recover, but the payment of the damage sustained would equally have that effect, whether there was a judgment or not. It would be a consequence resulting from a satisfaction of the plaintiffs' claim and wholly irrespective of the fact, that the same had been converted into a judgment. The judgment, as such, is of no more service to the witness, and can no more avail than would the fact, that the witness is a co-trespasser, serve the defendant

as a bar to the plaintiffs' suit. *Snow* v. *Chandler*, 10 N. H. 92. While the witness thus receives no protection by reason of the judgment against the defendant, his statements in this case may be received against him and form the basis upon which the verdict is rendered. According to the entire weight of authority the testimony objected to was properly received. *Marsh* v. *Berry*, 7 Cow. 346; *Collins* v. *Ellis*, 21 Wend. 402; *Dudley* v. *Bolles*, 24 Wend. 465; 2 Smith's Leading Cases, 72; *Morris* v. *Daubigny*, 5 J. B. Moore, 331; *Blackel* v. *Weir*, 5 B. & C. 385; 1 Phil. Ev. 68..

This reasoning may be technical. But as an estoppel against an estoppel setteth the matter at large, so resort may well be had to technicality when the effect is to free the administration of the land from the sinister effect of those rules by which such large masses of material evidence have been excluded.                    *Exceptions overruled.*

*Judgment on the verdict.*

SHEPLEY, C. J., and TENNEY and RICE, J. J., concurred.