CALEB HOLYOKE *vs.* HENRY W. LOUD & another.

Penobscot. Opinion January 10, 1879.

*Pleading. Parties. Abatement. Motion. Principal and agent.*

In actions on contracts, all the contracting parties must, as a general rule, be made parties to the suit, either as plaintiffs or defendants.

In assumpsit, the non-joinder of a co-promisor as defendant can only be taken advantage of by plea in abatement; but the non-joinder of a co-promisee as plaintiff is ground for a nonsuit.

ON REPORT.

ASSUMPSIT, wherein the defendants are attached, to answer to the plaintiff, "who sues out this writ for and in behalf of the owners of schooner Burmah, whose agent he is," on account annexed as follows: "1877, To cash collected by you belonging to me October 9, 1874, $406.63. Interest to date of writ, $67.09. To cash paid you twice by mistake, $166.90. Interest on same three years, $30.04,=$670.66. Credit, by cash sent me October 9, 1874, $260.57. Interest to date of writ, $43.00,=$303.57. Balance due, $367.09.

The plaintiff testified that, he was one-fourth owner of the schooner Burmah, and agent of the other owners, Baker, Doane,

Sabine and Dole, from 1870 to October 4, 1874. Captain Winslow was in charge all that time. The $406.63 was the balance of $550 paid by parties to a collision with the schooner, after paying the lawyers' fee.

The plaintiff put in the following letter from the defendants, dated New York, October 9, 1874, and addressed and directed to the plaintiff at Brewer, Maine : " Inclosed please find check, two hundred and sixty 57-100 dollars, on account of schooner Burmah as follows :

| | | |
|---|---|---|
| Collected, | | $406.63 |
| H. W. L. & Co. account, | $146.06 | |
| Check, | 260.57 | |
| | | $406.63" |

The plaintiff also put in account made out by defendants against schooner Burmah and owners, debiting sixty-four items amounting to $1835.18. Interest, $9.52,=$1844.70.

On the credit side of the account were fourteen items of cash, the last of which was " $612 remitted from Brewer," amounting in all to $1698.64. Balance claimed by defendants, $146.06.

On settling with Captain Winslow afterwards, it was discovered that, he had paid to the defendants and held their receipts for four items amounting to $144.92, included in the general debit of $1844.70 ; and there was also found an overcharge by error in casting, and the interest of $9.52 not earned ; the last two items added to the $144.92 amounting within a trifle to the sum sued for.

*L. Barker, T. W. Vose & L. A. Barker*, for the plaintiff.

Assumpsit to recover money paid to defendants which ought not to have been paid.

Plaintiff was owner of one-quarter of the schooner Burmah and agent for the other owners ; and October 11, 1874, settled an account with the defendants, " with the said schooner and owner," which had been running from April 15, 1870, to said day of settlement.

Afterwards, when he settled with the master, Capt. Winslow, he found by the receipts of the defendants in the captain's possession, and errors in their bill of October, 1874, that he had paid the defendants more than was their due. The same items cov-

ered by the receipted bills being found charged in the defendants' bill to said Holyoke, with no corresponding credit, which, with the item of interest, $9.52, which could not have accrued, as nothing was due, makes up the account claimed.

In other words, the plaintiff settled with the defendants and by mistake overpaid them.

This action is brought to recover back that sum.

Dunlap's Paley on Agency, 4 (Am. ed.) c. 5, and notes and authorities there cited. Story on Agency, 7 Ed. § 398. Cowper, 805. *Elliott* v. *Swartwout*, 10 Pet. 137.

*A. Sanborn*, for the defendants.

The plaintiff was agent for the joint owners, and whatever he did in the premises was done for and by them, and the promise alleged, if any, was in legal contemplation made to and with them. *Robinson* v. *Cushing*, 11 Maine, 480.

Even if the money had been paid, as claimed by the plaintiff's counsel, it is submitted he could not maintain the action. But suppose in that case he could, he has not proved that he paid money to the defendants by mistake; he failed to testify that he paid a dollar to the defendants, by mistake or at all, even a dollar of the $612 remitted from Brewer. The letter of defendants to plaintiff was not addressed to him as agent. It shows that they retained $146.06 out of $406.63 collected for the owners. It was not paid by plaintiff to them by mistake or otherwise.

WALTON, J. It is familiar law that in actions on contracts all the contracting parties must, as a general rule, be made parties to the suit, either as plaintiffs or defendants. In assumpsit, the non-joinder of a co-promisor as defendant can only be taken advantage of by plea in abatement; but the non-joinder of a co-promisee as plaintiff is ground for a nonsuit. 2 Green. Ev., § 110, and authorities there cited.

The suit now under consideration is an action of assumpsit, and it is brought in the name of Caleb Holyoke alone. He is one of the former owners of the schooner Burmah, there being six in all. The evidence shows that the defendants' liability, if any, is by virtue of a contract with all the owners. All their accounts, and

bills, and receipts, are with the schooner Burmah and owners. The omission to join the other owners as plaintiffs in the suit is fatal to its maintenance, unless the omission is in some way excused.

It is said in argument that, the plaintiff was not only a part owner of the schooner, but also an agent for all the others; that, as such owner and agent, he settled with the defendants, and, by mistake, overpaid them; that this action is brought to recover back the sum so overpaid; and authorities are cited to the effect that when an agent pays money for his principal, by mistake or otherwise, which he ought not to pay, the agent, as well as the principal, may maintain an action to recover it back. The law is so stated in Story on Agency, § 398.

A fatal objection to this argument is that the proof does not sustain it on a matter of fact. The evidence fails to show that the plaintiff ever paid the defendants any money, by mistake or otherwise. It shows that, at the time of the alleged settlement, the defendants were indebted to the owners of the schooner Burmah, and that, by mistake or otherwise, they neglected to pay the full amount of their indebtedness. No money passed from the plaintiff to the defendants. The difficulty, if any, was that, by reason of errors or mistakes in their account, they did not pay enough to him. And, as the debt was originally due to all the owners of the schooner jointly, so the balance, if any, still due upon it, must be owing to them all jointly; and, if sued for, must be sued for in the name of all. The action, in its present form, is not maintainable.

*Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.