HATTIE EVELETH *vs.* CHARLES H. SAWYER.

Piscataquis.    Opinion March 1, 1902.

*Pleading.    Parties.    Contracts.*

Where the law implies a promise, the consideration for which moves from several persons jointly, the promise so implied will be joint as to the promisees.

The same contract cannot be so framed as to give the promisees the right to sue upon it both jointly and separately. They must be entitled under it either jointly only, or separately only, and must sue accordingly. It cannot be treated as joint or several at the option of the promisees, but must be understood to be as to them joint, when the interest is joint, and several, when the interest is several.

The law will not imply a contract which the parties themselves cannot make.

On report.    Plaintiff nonsuit.

Assumpsit on account annexed for rent.

*W. H. Powell and C. W. Hayes*, for plaintiff.

*H. Hudson*, for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, FOGLER, POWERS, PEABODY, JJ.

POWERS, J.    Prior to Nov. 7th, 1899, the defendant occupied the Eveleth House in Greenville as the tenant at will of John H. Eveleth, who died on that date. The title to the premises descended, one-third to the plaintiff, and two-thirds to Rebecca W. Crafts, as tenants in common. The defendant continued to occupy the premises in the same manner after as before the death of Mr. Eveleth, and the plaintiff brings this action for the use and occupation of her share of the property from Nov. 7, 1899, to August 7, 1900.

This action can only be maintained by proof of a promise, express or implied. *Goddard* v. *Hall*, 55 Maine, 579. The evidence introduced by the plaintiff fails to satisfy us that there was an express

promise. It simply goes to the extent that the defendant at one time, when asked by plaintiff's agent what he thought would be a fair rental for the premises, said about $400. It appeared that the defendant repeatedly refused to pay any rent to the plaintiff; that he had paid the rent in advance up to January 1, 1901, to Mr. Eveleth before his decease; and that, while acknowledging the title of the plaintiff and her co-tenant, he denied that he was under any further liability until after that date to pay rent to anyone.

We think further, that not only has the plaintiff failed to show an express promise, but that if any promise is implied under the circumstances it must be considered joint as to the promisees. The consideration for the defendant's promise moved not from the plaintiff alone, but from the plaintiff and her co-tenant, Mrs. Crafts. Where the consideration moves from several persons jointly, such persons, as having the joint legal interest in the contract, should be joined as plaintiffs in suing for a breach of it. Dicey on Parties, 106. *Chanter* v. *Leese*, 5 M. & W. 698. And it is a general principle that where part owners sue ex contractu all the persons who are part owners must join. *White* v. *Curtis*, 35 Maine, 534.

This result is not in conflict with *Nott* v. *Owen*, 86 Maine, 98, 41 Am. St. Rep. 525, cited by the plaintiff. In that case the plaintiff owned one-fourth of the store, and there were separate express contracts between the different owners and the tenant. The plaintiff terminated the tenancy as to his one-fourth, and brought suit for rent thereafter accruing, the express contracts with the other owners remaining in full force. It is evident that, under those circumstances, the only contract that could be implied with the plaintiff was separate, and the action was properly brought in his name alone.

In *Kimball* v. *Sumner*, 62 Maine, 305, the action was neither joint nor several, and for that reason was decided not to be maintainable. The court says that if the remedy pursued should be joint, "We think such a rule is founded upon principle and good sense, and may be fairly deducible from the authorities although the cases do not agree." The suggestion there made that, when the contract is made by implication of law, it is reasonable to allow the heirs to elect whether it shall be considered joint or several, is open to several

objections. It allows one of the parties to a contract, not express but implied by law from the circumstances, to determine one of the important terms of the contract without the other party having any such voice in its interpretation. It affords no rule of guidance when the heirs disagree. It is directly opposed to the rule that one and the same contract cannot be so framed, as to give the promisees the right to sue upon it both jointly and separately. They must be entitled under it either jointly only, or separately only, and must sue accordingly, which is but another way of saying that a joint and several covenant must be understood to be joint when the interest is joint, and several when the interest is several, and cannot be treated as joint or several at the option of the covenantees. Dicey on Parties, 111-114. If the parties themselves cannot frame such a contract the law will not imply one. Moreover, it is more consistent with justice to imply a joint contract, as the law does not permit a man to be harrassed with a multitude of suits when the whole matter can be better settled in one.

It is unnecessary to now consider the other objections raised by the defendant, as for want of necessary parties plaintiff the entry must be,

*Plaintiff nonsuit.*