ELEANOR M. PAULSEN

*vs.*

HERMAN D. PAULSEN

Cumberland.    Opinion, May 18, 1949.

*Berman, Berman and Wernick,* for plaintiff.

*Elton H. Thompson, Walter F. Murrell, Robert D. Rich,*
for defendant.

SITTING: THAXTER, MURCHIE, TOMPKINS, FELLOWS, MER-
RILL, JJ.

TOMPKINS, J. This case comes before the court on ex-
ceptions by the defendant to the order of the Presiding
Justice in the Superior Court, allowing and confirming the
report of the referee.

The plaintiff had commenced an action of assumpsit on
an account annexed together with a money count. The de-
fendant pleaded the general issue. The case was referred
to a referee for a decision, each party reserving the right to
except as to matters of law. "Reports of Referees are only
open to attack on certain definite lines, and according to cer-
tain definite procedures . . . when cases are referred with
the right of exceptions reserved as to matters of law, the
same procedure is followed as to objections, and the except-
ing party is confined to those specifically set out by him at
*nisi prius." Staples v. Littlefield,* 132 Me. 91; 167 A. 171.
Defendant filed nine objections in writing to the acceptance
of the report in accordance with Rule 21, and is, therefore,
properly before this court to be heard on such matters as
are put in issue by the objections filed by him.

The matter in controversy involved the proceeds of cer-
tain United States Government Savings Bonds of Series E,
issued in November, 1943, to the plaintiff and to the minor
daughter of plaintiff and defendant.

The referee's finding was as follows: "The defendant and the plaintiff were husband and wife until they were divorced in January, 1947. During coverture the defendant redeemed for cash certain United States Savings Bonds which were registered in the name of the plaintiff, Eleanor M. Paulsen or Roberta J. Paulsen, the minor daughter of the defendant and the plaintiff, and he retained the proceeds derived therefrom. The plaintiff contends that she was the owner of the bonds and further contends that if her husband, the said defendant, ever had any right, title, or interest in them, it was released by him to her, long before the date of the redemption. The defendant also contends that he was the owner of the bonds and denies that he ever released his interest therein."

The referee finds after consideration of all the evidence that the plaintiff has established by the weight of the evidence her ownership of the bonds and her right to the proceeds derived therefrom.

The defendant further contends that the plaintiff cannot maintain her action for the reason that the transactions which are the basis thereof occurred during coverture.

The referee finds that the transactions which are the basis of the plaintiff's action did occur during coverture but that the date of the action is subsequent to the date of the divorce of the defendant and the plaintiff.

The referee holds therefore that the action being one sounding in contract and commenced subsequent to the date of the divorce is properly maintained. *Webster* v. *Webster*, 58 Me. 139; 14 Am. Rep. 253.

The referee further finds that the plaintiff has established by the weight of the evidence all the essential elements necessary to sustain her allegations.

Judgment, therefore, should be rendered for the plaintiff for the sum of $346.50 with interest, in the sum of $25.99 . . . ."

The evidence presented to the referee, except for a few selected exhibits, is not contained in the Bill of Exceptions, and is not part of the record which is brought before this court. While the amount involved in the case is small, the principle is very important in determining the ownership of the proceeds of bonds of the character of those under consideration, where they are so widely held in such large amounts throughout the state and nation.

We deem it sufficient for the present disposition of the case to consider only the 2nd objection: "That the Honorable and learned Referee erred in the matter of law in overlooking the fact that the husband acted legally as father of the child, Roberta J. Paulsen, and as he had a good right to do and in accordance with Section 315.40 of Department Circular 530 of the U. S. Treasury Department, regulations covering U. S. Savings Bonds. Thus the wife is not the proper person to bring the above suit against the husband alone, nor has she sustained any damages by the husband's act which she can recover in this action against him."

This objection raised a question of law. "In assumpsit, if a party, who ought to join as plaintiff be omitted, the Defendant may take advantage of such omission under the general issue." *Jones* v. *Lowell*, 35 Me. 538. The general rule is that all joint promisees must join as parties plaintiff in an action of assumpsit. This is true whether the contract be express or implied. *White et al.* v. *Curtis*, 35 Me. 534; *Holyoke* v. *Loud*, 69 Me. 59; *Evelyth* v. *Sawyer*, 96 Me. 227; 52 A. 639; *Gilmore* v. *Wilbur*, 12 Pick. 120, 124; 22 Am. Dec. 410. "If there be a legal ground for omitting one of several co-obligees as plaintiff, as his death, refusal to join, etc., the declaration must show such excuse for the nonjoinder, in order to show the right of less than all to sue." 15 Encyc. Pl. and Prac. 532. See *Moody* v. *Sewall*, 14 Me. 295; *Holyoke* v. *Loud, supra*.

"The law does not permit a Defendant to be harassed with a multiplicity of suits when the whole matter in con-

troversy can be more appropriately and equitably settled in one." *White et al.* v. *Curtis, supra.* *Evelyth* v. *Sawyer, supra.*

The bonds were purchased under the United States Government Public Debt Act of February, 1941, and the applicable Federal Treasury Regulations authorized thereunder, as hereinafter set forth. United States Treasury Department Regulation Circular 530, sub-part L, Section 315.45, (a) provides: "During the lives of both co-owners the bonds will be paid to either co-owner upon his separate request without requiring the signature of the other co-owner; and upon payment to either co-owner the other person shall cease to have any interest in the bond."

Treasury Regulation 315.4 (a) (1) sub-part B, provides, "That a bond may be registered in the names of two (but not more than two) persons in the alternative as co-owners . . . . No other form of registration establishing co-ownership is authorized."

Section 315.2 sub-part B of the regulation provides, "United States Savings bonds will be issued only in registered form. . . . the form of registration used must express the actual ownership of and interest in the bonds, and except as otherwise specifically provided in the regulations in this part by the Treasury Department, will treat as conclusive the ownership of and interest in the bonds so expressed. . . ."

Treasury Regulations, sub-part B, Sections 315.4 (B) (2) provides, "A minor, whether or not under legal guardianship, may be named as owner, co-owner or beneficiary on bonds purchased by another person with such person's own funds. . . ."

Treasury Regulation 530, sub-part J, Section 315.40, provides, "If the owner of a Savings Bond is a minor and the form of registration does not indicate that a guardian or similar legal representative of the estate of such minor has

been appointed by a Court, or is otherwise legally qualified, and if such minor is not of sufficient competency and understanding to execute the request for payment, payment will be made to either parent of the minor with whom he resides, or if the minor does not reside with either parent, then to the person who furnishes his chief support. Such parent or other person must surrender the bond with the request for payment properly executed, and furnish a certificate, which may be typed on the back of the bond, showing their right to act for the minor, . . . ."

Each United States War Savings Bond, together with the Statutes, Treasury Regulations and circulars constitute a valid binding contract determining the rights of the parties therein, and ownership and title of the bond is controlled by the Federal Statutes, pursuant to which it was issued, and applicable Treasury Regulations and circulars. *Harvey* v. *Rackliff,* 141 Me. 169; 41 A. (2nd) 455; 161 A. L. R. 296. Succession of Tanner (Court of Appeals of Louisiana) 24 Southern (2nd) 642. *Davies* v. *Beach et al.* (District Court of Appeals, California) 74 Cal. App. (2nd) 304; 168 Pacific Reporter (2nd) 452; *United States* v. *Dauphin Trust Company,* 50 Fed. Supp. 73; *Ervin* v. *Conn,* 225 N. C. 267; 34 South Eastern Reporter (2nd) 402.

The status of the title to these bonds was fixed by the contract between Eleanor M. Paulsen and Roberta J. Paulsen and the United States Government, when purchased from the latter and paid for under an agreement that the government would pay the amount of the bonds to Eleanor M. Paulsen or Roberta J. Paulsen before or at their maturity, and no State Statute or rule of law may stand in the way of such status. *United States* v. *Dauphin Trust Company, supra. Harvey* v. *Rackliff, supra. Mason* v. *Briley* (Supreme Court of Florida) 155 Fla. 798; 21 Southern (2nd) 595. *Murray* v. *Muldoon* (Supreme Court of Iowa) 20 N. W. (2nd) 49; 236 Iowa 807.

The Treasury Regulations were not devised solely for the protection of the treasury, to simplify its task of determining whom to pay. The regulations have the further effect of defining the rights of the registered owners between themselves. For these rights, as between themselves, are the reflection of the contract obligation of the United States to the owners. *Harvey* v. *Rackliff, supra. Ervin* v. *Conn,* 225 N. C. 267; 34 S. E. (2nd) 402; *In re Di Santos Estate* (Supreme Court of Ohio) 51 N. E. (2nd) 639; 142 Ohio St. 223. *Murray* v. *Muldoon, supra.*

Under the Treasury Regulations the minor was named as co-owner of the bonds. The bonds could be cashed by the minor if of sufficient competency and understanding to execute the request for payment, or payment could be made to either parent of the minor with whom she resides, or if the minor does not reside with either parent, then with the person who furnishes her chief support. Regulation 530, sub-part J, Section 315.40, *supra.*

The bonds were cashed by the father of the minor, who was one of the parties designated by the Treasury Regulations to whom payment could be made. The form of the registration expressed the actual ownership in the bonds. This ownership was declared under the Treasury Regulations, to be conclusive. On payment to either co-owner without the signature of the other co-owner, the other person ceases to have any interest in the bonds, under the Treasury Regulation 315.45 (a) *supra.*

The minor was one of the two registered co-owners of the bonds. She was not a party to the suit. Her right to the proceeds of the bonds could not be litigated. The rights of parties not before the court, by due process of law, cannot be safely determined in their absence.

In accepting the report of the referee, the judge erred.

*Exceptions sustained.*