WILFRED D. THIBEAULT

*vs.*

BEATRICE THIBEAULT

Sagadahoc.  Opinion, January 2, 1952.

*Edward W. Bridgham,*

*Harold J. Rubin,* for plaintiff.

*John P. Carey,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.  On appeal.  This is a bill in equity brought by a husband against his wife under R. S., Chap. 153, Sec. 40, to recover certain property "which in equity and good conscience belongs to (him)."  The property in dispute includes (1) real estate, of which the title for convenience in financing was taken in the name of the wife's

sister who later conveyed the property to the wife, (2) a bank account of about $750.00, and (3) United States War Savings Bonds with a maturity value of $1,450.00 purchased by the husband from his own earnings without any contribution thereto by the wife and registered in the names of the husband and wife as co-owners. The bonds were redeemed by the wife for about $1,136.25 after the bill in equity was served upon her.

The cause was heard on bill, answer, replication, and proof. The presiding justice found the wife possessed of $800.00, which in equity and good conscience belonged to her husband, and entered a decree accordingly.

The wife urges that under applicable Federal law and regulations her husband had no interest in the proceeds of the bonds. In brief she says that the co-owner who cashes war savings bonds, takes all. In reaching this conclusion the wife relies upon *Harvey* v. *Rackliffe*, 141 Me. 169, 41 A. (2nd) 455, 161 A. L. R. 296, and *Paulsen* v. *Paulsen*, 144 Me. 155, 66 A. (2nd) 420.

We are not, however, compelled to reach such an inequitable conclusion. In the *Harvey* case bonds purchased by X with his own money were registered in the name of X payable on death to Y. It was held that on the death of X, Y became the owner and the estate of Y was entitled to the proceeds in preference to the estate of X.

We are not here concerned with the question of ownership arising upon the death of a co-owner.

In the *Paulsen* case bonds were issued in the names of the mother and a minor daughter as co-owners. The father of the child cashed the bonds as he could do under Federal law. In an action by the mother against the father to recover the proceeds it was held that the minor was a necessary party to the suit and that in her absence "her right to the proceeds of the bonds could not be litigated." The clear inference

from the opinion is that had the minor, who was one of the two registered co-owners of the bonds, been a party, the rights between the mother and the minor child could have been determined. In other words, the mother's interest in the bonds was not destroyed by the fact that the child through the father cashed the bonds.

It will serve no useful purpose to rehearse the facts. In our view there was evidence sufficient to justify the ultimate finding by the sitting justice. See *Cadorette* v. *Cadorette*, 147 Me. 79, 83 A. (2nd) 315, and *Flagg* v. *Davis*, 147 Me. 71, 83 A. (2nd) 319.

The court was justified in finding that the husband and wife each had a one-half interest in the bonds in question. The exact value of the one-half interest in the bonds is not satisfactorily shown. The difference between $800.00 and the approximate redemption value of the bonds could have been attributable to other factors within the consideration of the presiding justice.

The entry will be

*Appeal dismissed.*

*Decree below affirmed.*