**MOORE et al. v. BRODRICK.**

**Civ. No. W-552.**

United States District Court
D. Kansas.

June 30, 1954.

Ostrum & Ostrum, Russell, Kan., Casey Jones, Hill City, Kan., for plaintiffs.

Lester L. Gibson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., George Templar, U. S. Atty., Topeka, Kan., for defendant.

CHANDLER, Jr., District Judge.

Charles Sperry died leaving a will by the terms of which he left all of his property to his daughter. The widow elected to take under Kansas law which provides that when the widow makes such an election she is entitled to one-half of the estate.

Prior to his death Sperry had purchased, with his own funds, United States Government Savings Bonds which he registered with the Government in his own and his daughter's name as co-owners, pursuant to Title 31, Section 315.4 (2), Code of Federal Regulations. The bonds were never delivered to the daughter during his lifetime and were found in his possession at his death.

The daughter and her husband, acting as executors of his estate, included these bonds in the gross estate for both state and federal estate tax purposes. The probate court of Graham County, Kansas, also included their value as part of his gross estate for the purpose of distribution under Kansas law.

The Collector of Internal Revenue treated the bonds as part of the gross estate for estate tax purposes but refused to recognize the decree of the Kansas probate court which included the bonds as part of the gross estate for distribution purposes. As a result, the property

the widow received due to the inclusion of the value of the bonds in the gross estate was disallowed as a part of the marital deduction, thus increasing the federal tax. A deficiency tax was assessed against the estate, the deficiency was paid under protest, and this action filed for its recovery.

 The judgment of the Kansas probate court holding that the bonds were an advancement to the daughter was legal and final in all respects under Kansas law and is not subject to attack here. In the absence of such an adjudication, however, this Court is of the opinion that, not having been consummated by delivery inter vivos, the gift would properly be considered to be testamentary in character for the purpose of computing the widow's share of the estate under the Kansas law of descent and distribution. To hold otherwise would do violence to the spirit of the Kansas law and unnecessarily extend the rule in Lemon v. Foulston, 169 Kan. 372, 219 P.2d 388.

██ The contract between the Government and the purchaser of Government bonds fixes legal title to the bonds for the purpose of protecting the Government against suits involving title but does not and should not affect other legal rights of third parties or change settled rules of law not necessary to effectuate its purpose. If the father had purchased the bonds with traceable stolen funds, would it be said that the contract and regulations fixing title in the daughter prevented recovery from her by the owner of the funds.

The fact that the widow may have exercised her statutory right to take one-half of the estate in order to save taxes is immaterial and the fact that she thereafter gave the property to her daughter is another right which she could exercise at will.

Judgment will be entered for the plaintiff. Counsel will kindly prepare Findings of Fact, Conclusions of Law and Judgment in accordance with the views herein expressed.