No. 40,203

AUGUST R. BYER, *Appellant*, v. GLADYS BYER, *Appellee*.

(303 P. 2d 137)

Opinion filed
November 3, 1956.

*E. F. Russell,* of Ulysses, argued the cause, and *Arthur R. Gates,* of St. John, was with him on the briefs for the appellant.

*Evart Garvin,* of St. John, argued the cause, and *Robert Garvin* and *Morris Garvin,* both of St. John, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This, looking through form to substance and although briefed and argued by the parties as if it were in the nature of conversion, is actually and must therefore be regarded as a suit in equity to recover money and compel the defendant to account for proceeds received by reason of having cashed ten United States Savings Bonds, procured and registered in co-ownership form by one Albert Byer in the names of Mr. August R. Byer (his son) or Mrs. Gladys Byer (his wife); and one United States Savings Bond procured and registered in beneficiary form by the same individual in the names of Mrs. Gladys Byer, P. O. D. August R. Byer, conceded to be the same person as August Byer.

Plaintiff commenced the action by the filing of a petition wherein, after reciting the purchase and registration of bonds as above indicated, he asserted that after the dates (describing them) of their purchase and on the date of their conversion by the defendant, Gladys Byer, he was the registered owner of an undivided one-half interest therein; alleged that about September 15, 1952, the defendant took possession of such bonds and thereafter, about February 9, 1954, before their maturity, cashed, redeemed, received payment and wrongfully converted such bonds to her own use, all without his knowledge or consent; and asked that the court (1) find he was the owner of an undivided one-half interest in and to such bonds prior to the date of their conversion, (2) require defendant to account to him for an undivided one-half interest in the proceeds realized from their redemption, with accumulated interest, and (3) grant judgment accordingly for whatever amount that sum might be, with interest from February 9, 1954, at 6% per annum, together with such other and further relief as might seem just and equitable.

For purposes essential to a disposition of the case it may be said

the answer of the defendant contains a general denial; admits the purchase of the involved bonds, in the manner and form heretofore indicated; denies all other allegations of the petition not admitted; specifically denies plaintiff is entitled to receive any part of the proceeds from such bonds or that defendant is indebted to him in any amount as alleged in the petition. In addition paragraph four of such answer states:

"This defendant further alleges that subsequent to the purchase of said bonds by the said Albert Byer, the said Albert Byer delivered all of the aforementioned and described bonds to this defendant as her sole and separate property in the event she desired to cash said bonds; that the said Albert Byer, at the time of the delivery of all of the said bonds, specifically described in Plaintiff's Amended Petition, to this defendant, further directed and authorized this defendant to cash said bonds subsequent to his death and use the proceeds to be received therefrom for the purpose of paying the same upon any federal estate taxes or inheritance taxes which might be assessed against the estate of said decedent. Defendant further alleges that said bonds were cashed by this defendant and that all the proceeds received therefrom were used and applied by this defendant upon the payment of federal estate taxes which were assessed against the estate of said decedent."

Plaintiff's reply to the answer admits that the bonds were cashed by the defendant and denies all other allegations contained in that pleading.

With issues joined as just related the cause came on for trial by the court which, after introduction of evidence and arguments by counsel, ultimately rendered judgment against the plaintiff and in favor of defendant in accord with and based on findings of fact and conclusions of law which read:

"FINDINGS OF FACT.

"1. Albert Byer, deceased father of plaintiff August R. Byer, and deceased husband of defendant Gladys Byer, during his lifetime purchased eleven United States Savings Bonds of the maturity value of $1,000.00 each. On ten of the bonds, the co-owners were named as 'Mr. August Byer or Mrs. Gladys Byer,' and on one bond the registration was 'Mrs. Gladys Byer POD August R. Byer.'

"2. That said bonds were kept in the possession of decedent at all times until his death, and were never delivered by him to either plaintiff or defendant during his lifetime.

"3. That on or about September 15, 1952, after decedent's death, Gladys Byer, the defendant, took possession of said bonds, and on or about February 9, 1954, said defendant redeemed said bonds and converted the proceeds to her own use, and that at said time the bonds, together with accumulated interest thereon, were of the value of $9,660.00.

"4. That the United States Treasury Regulations governing United States

Savings Bonds provided in part as follows, where bonds are issued in co-ownership form:

"'. . . During the lives of both co-owners, the bond will be paid to either co-owner upon his separate request without requiring the signature of the other co-owner; and upon payment to either co-owner, the other person shall cease to have any interest in the bond.'

"5. That under the Regulation quoted above, Gladys Byer, as a co-owner of said bonds, having secured possession of said bonds, was therefore entitled to cash and redeem said bonds and use the proceeds for her own purposes, and August R. Byer ceased to have any interest in said bonds."

"CONCLUSIONS OF LAW.

"1. The court finds as a matter of law that after defendant Gladys Byer secured possession of said bonds and cashed them, that plaintiff, August R. Byer, no longer had any interest in said bonds. The court further finds that if the decedent had desired that Gladys Byer and August R. Byer share equally in the proceeds of said bonds, decedent should have had them registered, at the time of purchase, in the names of 'Gladys Byer *and* August R. Byer.'

"2. Judgment of the court is therefore rendered for defendant, Gladys Byer, with costs of the action taxed to the plaintiff, August R. Byer."

Following rendition of judgment plaintiff's motion for a new trial was overruled. Thereupon he gave notice and brought the cause to this court on appeal where, under proper specifications of error, he is entitled to appellate review of the questions presently to be considered.

The issues will be clarified by immediate reference to two matters which do not involve the merits of the controversy.

Resort to finding of fact No. 5, heretofore quoted, discloses it is purely a conclusion of law and must be so regarded in determining the rights of the parties. It follows appellant was not required, as appellee insists, to abstract the evidence adduced in the court below in order to here obtain review of the question whether such conclusion of law is erroneous.

Much space in appellee's brief is devoted to contentions relating to the necessity of pleading and providing a demand in conversion cases. Our views respecting the nature of the involved action are stated in the very first paragraph of this opinion and we are convinced that in a situation such as is there outlined appellant was not required to either plead or prove a demand in order to recover judgment. For that reason no further reference will be made to arguments advanced respecting such contentions.

Upon an extended examination of the record, and careful analysis of all contentions advanced by the parties including arguments

made with respect thereto, it becomes apparent that the primary question involved in this case, on which all other issues depend, is to be found in the trial court's conclusions of law and can be stated thus:

Does one co-owner in the possession of United States Savings Bonds, who under existing United States Treasury Regulations (bearing date of May 21, 1952) can cash and procure payment of the bonds upon his separate request (See Regulation § 315.45 and Finding of Fact No. 4), have the right to retain all of the proceeds of such bonds upon redemption without incurring liability to account for and pay the other co-owner of the bonds whatever portion of such proceeds the courts may find the other co-owner was rightfully entitled to at the time the bonds were cashed and redeemed?

The appellee contends, and it must be conceded the trial court held, that a co-owner who cashes United States Savings Bonds is entitled as a matter of law to take, keep, and retain all of such proceeds for his own use and purposes without regard to the rights of the other 'co-owner. We do not believe the Regulations, even though § 315.45 thereof provides "that upon payment to either co-owner, the other person shall cease to have any interest in the bonds," compel any such inequitable conclusion.

As recently as *In re Estate of Cornelison,* 178 Kan. 607, 290 P. 2d 1016, we had occasion to deal with the force and effect to be given regulations governing the cashing of Government Bonds in connection with disposition of their proceeds. There, while dealing with the right to proceeds of like bonds registered in the name of a person, subsequently declared incompetent, P. O. D. to another person, we held:

"The regulations of the treasury department of the United States providing how bonds held by one person payable on death to another may be cashed are provided for the convenience of the government and the bond holder and do not determine how the property may go on the death of the first taker." (Syl. ¶ 3.)

And in the opinion, after approving the trial court's finding to the effect that on the conversion of the involved bonds into cash the government had no further interest in the matter and the regulations were not applicable, stated in no uncertain language that the involved government regulations were only for the purpose of facilitating and handling of matters between a bond owner and the department and did not purport to provide how matters in con-

troversy between persons interested in the disposition of such bonds were to be determined.

Since from the standpoint of the force and effect to be given the government regulations there is no room for distinguishing *In re Estate of Cornelison,* supra, and the case at bar, we believe that what is said and held in our decision in that case requires a negative answer to the primary question heretofore posed. For a few other cases, dealing with different facts and circumstances but nevertheless reaching a similar conclusion with respect to the same question, see e. g., *Moore v. Brodrick,* 123 F. Supp. 108, affirmed in 226 F. 2d 105; *District of Columbia v. Wilson,* 216 F. 2d 630; *United States v. Stock Yards Bank of Louisville,* 231 F. 2d 628; *Slater v. Culpepper,* 222 La. 962, 64 So. 2d 234; *Rohn v. Kelley,* 156 Neb. 463, 56 N. W. 2d 711; *Thibeault v. Thibeault,* 147 Me. 213, 85 A. 2d 177; *Barrett v. Barrett,* 91 F. Supp. 680.

See, also, *Anderson v. Benson,* 117 F. Supp. 765, 780, where the following statement, to which we subscribe, appears:

"Counsel for the defendants contend under the Treasury Regulations the form of registration of these bonds is conclusive of ownership, 31 C. F. R. (1949 Ed.) 315.2 et seq., and that this court cannot enter an order affecting either the ownership of the bonds or the proceeds received therefrom. If counsel's construction of the regulations were accepted without qualification United States Savings Bonds would become the impenetrable sanctuary of ill-gotten gains and an excellent instrumentality for the perpetration of deliberate fraud. That Congress did not intend, in exercising its constitutional power to borrow money, to effect such a result is too clear to require discussion. See *Ibey v. Ibey,* 1945, 93 N. H. 434, 43 A. 2d 157." (p. 780.)

In leaving the point now under consideration we pause here to note that appellee cites but two cases in support of her position. One of these is our own case of *Lemon v. Foulston,* 169 Kan. 372, 219 P. 2d 388, and the other is *In re Laret's Will,* 86 N. Y. S. 2d 330. As stated in the Cornelison opinion the Lemon case is not in point unless it be to hold that had the appellee not cashed these bonds the proceeds would have gone to the appellant upon her death. We have some difficulty in seeing that the last cited case supports appellee's position. If it does we are unwilling to accept it as a controlling precedent.

Assuming, as we must, there was evidence to support all factual findings of the trial court (*Addington v. Hall,* 160 Kan. 268, 270, 160 P. 2d 649) and mindful it is to be presumed that all the facts

the court deemed necessary to support its judgment were included in such findings (*Bottenberg Implement Co. v. Sheffield*, 171 Kan. 67, 229 P. 2d 1004; *Travis v. Glick*, 150 Kan. 132, 91 P. 2d 41), the conclusions of law herein involved are erroneous and cannot be upheld.

The only material question raised in the briefs and remaining for our consideration is whether in the face of the record presented this court should direct judgment. There is no doubt it has that power and obligation since the revision of the code of civil procedure in 1909 (See Laws of 1909, Chapter 182, Section 581, now G. S. 1949, 60-3317). Long ago in *Devlin v. City of Pleasanton*, 130 Kan. 766, 288 Pac. 595, recently cited, approved and applied in *In re Estate of Fitzroy*, 172 Kan. 339, 344, 240 P. 2d 163, and *Brungardt v. Smith*, 178 Kan. 629, 638, 290 P. 2d 1039, we held:

"Where the issues are clearly defined by the pleadings and plaintiff's petition states a cause of action and the evidence in support thereof is sufficient, and no meritorious defense thereto is suggested by the answer nor by defendant's evidence, the supreme court is authorized by the civil code to order the proper judgment to be directed." (Syl. ¶ 4.)

The record discloses that, except for her position regarding the force and effect to be given the government regulations, heretofore determined, appellee based her only claim of right (See paragraph 4 of the petition) to keep and use the proceeds of the bonds in question on an alleged understanding with Albert Byer which took place subsequent to the purchase and registration of such bonds in the names of appellant and appellee as co-owners. At that time the rights of the co-owners in the bonds and their proceeds had vested and Albert had neither the right nor the power to change the interest of the parties named therein unless, perhaps, it was with their joint consent and approval. It is not alleged or claimed that such consent or approval was ever obtained. Nor is it alleged or claimed that, prior to the issuance and the registration of the bonds, Albert Byer had any agreement with the parties that their interests therein were to be any different than that therein stated. In that situation the presumption in the court below, and the presumption here, is that as co-owners each of the parties was entitled to receive one-half of the proceeds realized from the bonds when they were cashed.

After careful consideration of the entire record and all arguments made by the parties we are convinced that what has been

here said and held makes it clear that nothing would be gained by granting the parties a new trial and that this is a case where this court is required to exercise the statutory power and obligation conferred upon it by G. S. 1949, 60-3317. Therefore the portion of the judgment relating to the rights of the parties in the proceeds of the ten involved co-ownership bonds is reversed with directions to render judgment in favor of appellant and against appellee for one-half of whatever amount the trial court finds the appellee received from the cashing of such bonds, together with interest at the legal rate from the date of its receipt; and, since it is clear from the terms of the one bond, registered in beneficiary form in the names of Mrs. Gladys Byer P. O. D. August R. Byer, that appellee had the right to cash such bond and retain its proceeds, the portion of the judgment relating to that bond is affirmed.

It is so ordered.